United States District Cou~~

2018 JAN -2 AM 11: 15

THIS DISTRICT COURT DISTRICT OF MASS.

FILED IN CLERKS OFFICE

Arthur Burnham

V

Commonwealth of massachusetts et al.

## VERIFIED COMPLAINT with REQUEST FOR THREE - JUDGE PANEL

### Introduction

This A civil Action ADA damaGe claim with request for A three-JudGe Panel, filed by Arthur Burnham under 42 USC §§§ 12132, 12203, 1983 CONST. AMEND 1, 4, 6, 14 with A request for inJunctive relief to enJoin A state Criminal Prosecution. AlleGinG state officials of the Worcester superior court did retaliate aGainst the Plaintiff within A state criminal trial for havinG opposed An Act made unlawful by the ADA or because or on account of the Plaintiff beinG in the free exercise or enJoyment of riGhts Granted or Protected under the ADA and the first Amendment. Plaintiff Prima-facie case AlleGes, state court officials did subJect the Plaintiff to irrational disability discrimination,

Pervasive unequal treatment including systematic deprivation of fundimental rights under the first, fourth, sixth and fourteenth Amendments by systematically excluding the Plaintiff of his fundimental Right to be Present at All critical Stages of his trial, in A squalid act to thwart the right of an Accused to have a meaningful opportunity to be heard in his defense on substantive assertions that Judiciary, Prosecution and unloyal defense Counsel were deliberately interfering with Compulsory Process to Conceal vital medical records of siezure d/o, PTSD, BiPolar d/o, mood d/o, AJustment d/o with depression, Elevated suicide risk by diagnoses with trauma, Disruptive mood disregulation d/o in A Frenzy to Gain Political Control over A trial Process in An effort to hide Plaintiffs disability from the Public And chill or Frustrate Federal lawsuits 4:15cr40031 seq et, 4:16cr40061 And deprive Plaintiff his rights under the ADA. Such reckless Abuse of State Judicial Power is Analogous to A 16th Century Star Chamber Proceeding An "Arbitrary Arm of royal Power" in the days of the Tudor And Stuart Kings.

All now held repugnant to our constitution.
Plaintiff to protect his rights filed within the
same state court an ADA damage claim under
42 USC §§§ 12133, 12203, 1983 Equal Protection
and Due Process naming the clerk magistrate And
the trial Judge within Administrative duties.
Subsequently the court refuses to change the
venue of the criminal proceeding, and the same
trial Judge will not recuse herself as impermiss-
ably interested. The Plaintiff's Judicial Process
is now so defective and inadequate as to
place the accused in great and immediate jeopardy
of suffering irrepairable unjust loss of liberty
without due Process requiring A Federal
inJunction and enjoynment of criminal Prosecution.
                     The complaint further
alleges the defendants violated his civil Rights
under 42 USC §§§ 12132, 12203, 1983 CONST AMEND.
1, 4, 6, 14 Due Process and Equal Protection
as well as 28 C.F.R. §§ 35.101, 35.134
                   The Plaintiff has desperately
filed multiple 211§3 to The Supreme Judicial
court of Massachusetts which have been denied
without a hearing on merits or even an explaination.
Plaintiff has been wilfully deprived Access to file the
appealant brief to the full court by Worcester county
Sheriff's Dep't who refuse to Provide Brief material.

# THREE - JUDGE DISTRICT COURT

1. Plaintiff respectfully requests the Honorable clerk furnishes a copy of this request to the chief Judge of the circuit Per 28 usc § 2284 (b)(1)

## JURISDICTION

2. This court does have Jurisdiction under 28 usc § 2284(b)(1), § 1331, § 1343, § 1441, § 1443, § 1455

## YOUNGER ABSTENTION

3. State court has wilfully and in bad faith deprived Plaintiff adequate opportunity to raise the claims advanced in this complaint. see, e.g. middlesex cnty. Ethics comm., 457 us at 432, 102 sct at 2521

4. Plaintiff's base line showing of Judicial bias is supported by direct writing evidence in exibits that abstention will Jeopardize his due Process right to an impartial ajudication. see, Gibson, 411 us at 577, 93 Sct 1697

5. Plaintiff has filed in Nov. 2017, MAY, 2016 lawsuits under 42 usc § 12132, § 12203

DUE Process, EQual Protection against Defendants Judge Kenton-walker (Administrative duties), Clerk magistrate mcmanus, Asst. clerk Dempsey in their official and individual capacities. As well as Defendant The commonwealth of massachusetts.

6. STATE official ADA damage Claim has facial Plausibility. It is well Plead And will survive summary Judgement it is supported with Exibits. Direct Proof of culpability. Such a potential conflict of interest, see, e.g. @ ward v. Village of monreoville, 409 US 57, 60, 93 SCt 80, 82, 34 L Ed 2d 267 (1972). And where state officials have Pecuniary stake in the Petitioner's Pro SE motion to dismiss of Dec. 6 2017. State officials stand to Gain or lose in the Pro-SE's motion to Dismiss on Due Process Grounds, see Rooker-Feldman doctrine, e.g. @ EXXON mobil corp. v. Saudi Basic Indus. corp., 544 US 280, 291, 125 SCt 1517, 161 L Ed 2d 454 (2005). The strong Emotional effect of this PARADIGM has Already had the Power to affect A single Justice of the supreme Judicial court to rule, even in light of overwhelming Evidence in exibits and 2 centuries of the Nations history, legal Precedents And Practices. lawsuit was filed After 2 month delay in 211 § 3 (under Pretext). filed 11/15/2017 in Worcester Superior court. 211 § 3 was denied on 11/17/2017. without A hearing on merits [or] A reason why. No Full Court.

7. Petitioner is now Pro-SE in the indictment 1585CR00462. On Oct. 23 2017 impermissably interested trial Judge And Clerks failed to docket multiple motions to discharge counsel on 9/25/2017 with Affidavits of unloyal acts. Now Petitioner has no Standby counsel. Trial record is not Preserved correctly. 2017 motion to dismiss is A constitutional defense. Pleading will allege discrimination by the trial court in violation of the fourteenth Amendment, And wilful And reckless interference of sixth Amendment Rights by state Action. Since the "same trial court will be the court that initially must decide the merits of such a claim," and since the claim will involve An assertion that "the state Judiciary itself has Purposely violated Due process And Equal Protection Clauses," no opportunity for a full and fair ~~Kocking oxxxdy~~ state hearing exists with the Pecuniary stake in the outcome. See, e.g. @ Rose V. mitchell, 443 US at 561, 61 L Ed 2d 739, 99 S Ct 2993; See Also Id., at 563

8. Petition has legal issue going to the Jurisdiction of the trial court. see Ex Parte watkins, supra, at 202-203, 7 L Ed 650; W. Church, Habeas Corpus § 363 (1884); Johnson V. Zerbst, 304 US 458, 468, 82 L Ed 1461, 58 S Ct 1019 (1938) (no Jurisdiction

to conduct trial that violates the defendants
sixth amendment right to counsel). Also see,
Kimmelman V. Morrison, 477 US 365, 91 L Ed 2d
305, 106 S Ct 2574 (1986)

9. State court has violated the direct
command of the fourteenth amendment as well as
an Act of congress in 42 USC §§ 12132, 12203, the
Federal Bail Reform Act of 1984


# PARTIES

10. The Plaintiff is Arthur Burnham.

11. The Defendant is the commonwealth
of Massachusetts.

12. The Defendant is Attorney General
Muara Healy, she is sued in her official
capacity under the ADA.

13 The Defendant is Clerk magistrate
Dennis McManus he is sued in his official
and individual capacities

14. The Defendant is Assistant Clerk
Dempsey she is sued in her official and
individual capacities.

15. The Defendant is Bridgewater state Hospital.

16. The Defendant is Bridgewater state Hospital Psy. D. Mellissa Meyer she is sued in her official and individual capacities

17. The Defendant is trial Judge Kenton-walker she is sued in her official capacity.

18 All Defendants Acted under the color of law at All times relevant to this complaint

~~7. This repeated pattern of egregious deliberate blocking and inordinate PREJUDICIAL delay spans the length of 20 months with all attempts by the Petitioner to remedy ignored.~~

~~RADE SUPPORTING Records : 57~~

19. **2/22/2012** Petitioner began to have siezures while in Canada.

19. **3/1/2012** Petitioner returns to USA to go to U-MASS hospital as siezure symptoms get worse. Treated for two days in-Patient. CT scan results show healed lesion in left Branch of Brain. (SEE EXIBITS:     ).

10. **3/4/2012** Petitioner has seizure in custody of Southbridge Police. Harrington memorial E.R. DR. request Police holding cell video review of it.

11. **3/5/2012** (Date of Boston MASSACRE 3/5/1771). Petitioner is arraigned at Dudley District Court. Officials ~~witnesses thoroughly~~ laughing at Petitioner ~~entire time~~.

12. **3/7/2012** Petitioner at 3 day Juvinile Care and Protection hearing court officials humilate Plaintiff by laughing at Petitioner. To include Asst. clerks ~~who enter the~~ all who enter the Building, Assistant District Attorney, Juvinile Probation officer, and the Juvinile court Judge. Some of this while in open court session.

13. Videos content included the Petitioner being in a Comprimising Position(for sure) being incontinent and having to remove clothing to clean and having a siezure. Thats pretty funny I guess.

14. Laughing continues at all criminal and Juvinile appearances for 18 months. Late 2012 Petitioner becomes severly depressed and starts cutting his wrist open.

15. JAN 2015 After over two years of invidious discriminatio -n from dudley District Court and Southbridge Police Petitioner's Life is completely changed is depressed and suicidal daily, resen -tful, full of animosity And Admitts himself sec.12 to U-MASS hospital.

16. FEB 2015 Again sec.12 himself at St Vincent hospital.

17. Late FEB Petitioner files lawsuites in Worcester Superio -r, And United States District Court on behalf of himself and 3 children Against Dudley District Court And Southbridge Police.

18. MARCH 2015 Petitioner is sec.12 to Aurbor hospital for suicidal crisis.

19. APRIL 2015 Petitioner is sec.12 by ~~BBBBBBBB~~ Leonard Morse hospital for suicidal crisis.

20. MAY 2015 Petitioner is sec.12 by Sturbridge Police to Harrington memorial hospital for suicidal crisis with Phsicosis.

21. J5 JUNE 2015 Petitioner is sec.12 to Aurbor hospital for suicidal crisis with revenge thought content.

22. JUNE 2015 Petitioner Breaks out of U-MASS hospital and 2 hrs later allegedly lit a Police Car on fire at Southbridge Poli- ce Station. Did DANCE, laugh histerically screaming "Civil Rights Violators"

23. Petitioner is Arraigned on JUNE 16, 2015 with news media everywhere.

24. Petitioner is 15(b) to Bridgewater State hospital evaluator is deliberate indifference to the truth and treatment failing to produce Proofs favorable to the Accused. All forementioned hospital records mentioning Distributed siezure video to Dudley District Court are omitted. PSY.D. Attempts to

inhabit zone between ignorance and actual knowlege
as stated in farmer v. Brennan, 511 US 825, 837, 114
s.ct. 1970 (1994) Good luck. I will Prove they
viewed those records and omitted those records based
on impermissable consideration. Federal suit 4:15-40031.

25. In march or April 2015 Deputy Attorney
General Early files a motion for Summury Judgement in
in Worcester Superior court [Burnham v. Dudley
District court] Stating Burnham could not offer any
Proof the siezure video existed. Shortly there after
June 17 Arraignment All Proofs D.A.G. Early
Stated I could not offer were in bad faith withheld
from trial record to include evaluations by the state
and by Defense. All Hospitilization records in which
Document Either siezure d/o or Distress over the
Siezure video are omitted by state interference.

26 Worcester county District Attorney is
Named J. Early JR.. I no not if they are they
same Party or related.

27 In the original filing of civil Rights
complaint against Dudley District court officials, Both
in state court and Federal [4:15cv 40031] The Plaintiff's
only Proof of injury was an 18(A) evaluation Quoting
his harm to PSY. D. Myers at Bridgewater state
Hospital (12/21/14 - 1/12/15). On 6/17/15 one day
after Arrest Petitioner is unusually Assigned this
Slame evaluator who omitts All records that indicate
Siezure d/o [A CTSCAN 2 days Before Police station siezure

27 cont.

showing a healed lession in left Branch of Brain] or any record showing harm from courts Abusing the Petitioner over the distributed video. These Acts and omissions by state Psy. D. Hoo Myers were not only Made "on the Basis of substantive and Procedural criteria that are... substatially below the standards generally accepted in the medical community" the evidence of [Part 1, title X, Ch.66A, sec.2 (f)(g)(h)] demonstrates "intentional conduct" impermissably intertwined with District Attorney Early And the Pending federal civil Rights Action 4:15cv40031. That is "grave unfairness" in the first week of this Plaintiffs 26 months of state interference. Petitioner was denied treatment "It me could have Been the Drug he was using" [of course urinalisis is NEG.] OH I love this one "He Burnt the Police car to come BACK to Bridgewater to see a mental Health Clinician he had A Crush on" (I really love to start swearing Here). I want court. I let me expanded knowlege of civil rights law express my objections. If I was not Being Denied "right of Access" to Pens by State Attorney General's office "inextricably intetwined" with corrections [Goaler] I would rewrite the entire facts of this Petition. I can not. court will have to Bare with some old Pleading of facts. OH I will However Amend Arguments I Promise.

~~inhabit zone between ignorance And Actual Knowledge as stated in~~
~~FARMER V. BRENNAN, 511 U.S. 825,837,114S.Ct.1970(1994). Good luck~~
~~I will Prove in federal court the Y viewed these records.~~

**25.** 15(b) eval. is drafted falsely to Procure indictment of explosives to intimidate. "no mental health." Petitioner is delusional About People laughing. A Pervert[Epithet] too

**26.** JULY 21, 2015 Petitioner is Placed in Custody of Worc. H.O.C. where Psy.D. Braseer who is a Former trial court evaluator and her lover CPT. Giles. Deputy McMillan impose upon Petitioner A unconstitutional combination of conditions of confinement known to Prevoke emotional distress. Petitioner is subject to A systematic system-gwide Abuse. Pounding on door every 20 min for weeks. Refused food for days. United States legal mail withheld. Strip searches in Front of female staff while officers laugh. Mental health workers then laugh at Petitioner for months to Promote "delusional laughin defense" 4:16-CV-40061. HOWEVER laughin has continued at Worcester Superior Court Appearances as late as 3/24/2017. Its[ok]. All in due process.(4:16-CV-40156, 40067)

**27.** JULY 2015 Tansley (defense Attorney) visits Petitioner. It is explained to her Favorable hospital stays in which I was crying over Dudley Ct. cruel Abuse over siezure video. Aurbbr hospital, Leonard Morse hospital, Harrington memorial hosp. Tansley displays no zeal over Jury Knowing About lawsuits.

**28.** 28. File ref Nbr. 13 Petitioner files motion to assign new counsel.

29. On or about late SEPT 2015 Tansley, Brings Attorney John Roemer to visit And States roemer will take lead counsel. Petitioner states concerns over media not know the truth about lawsuits and beigg made fun of. Roemer state he dont want them to find out. Petitioner insists they look at 4:15-CV-40031. Petitioner explains serious suicidal thought content, And Being Stuck on suicide watch for months, And dont want no continuances beyond 120 day 58(A) mandate Tansley, stated she could handle it And evaluator was coming on monday.

30. Mon early OCT 2015 Petition sees PSY.D. for defense (Howe). Petitioner explains siezure video, U-MASS hospitalization ect.ect. DR Howe omits All of the foremention from her evaluatio -n All Proofs omitted Giving support to Petitioners' claims. furthermore lies in her evaluation over siezure topics. Instead chooses to Highlight only E.R. Admission records which are exagerated by Petitioner because PSYC. hospitals keep Discharging Petitioner w/out help. So adjectives increased. PSY.D. omits All in-patient treatment records and notes all that clearly give inference to truth overdistress over Dudley Courts invidious discrimination. PSY.D. Howe violated Due Process/Professional Judgement Standard. ~~This information Pactices Past faith xyz hereafter 60 43 42(lll)~~

31. PSY.D. Howes evaluation for defense is omitting the same exact hospital records as state 15(b) eval. And U-MASS comenientl -y stop just short of DEC. 2014 siezure record in which does reference Ct scan with siezure deagnosis. Also Harrington siezure record of 2012 Police transport Are omitted See Exibit

32. Casaal nexus exits between Howe And MA. trial court lawsuits. (see Exibit Howe 1) PSY.D. is Presently A team coordinator (supervisor) of MA trial court Psychologist. Such a conflicted interest has created a servere PreJudice. **Strickland V. WASHINGTON**, 104S.Ct. 2052(1984). 42 U.S.C. sec. 1985 (2)(3) to influence federal Judicial Proceedings. Obstruct due coarse of Justice in State Court "Class Based"

33. Early OCT 2015 Petitioner writes tansley, requests mental health help for suicide crisis no response.

34. **10/15/2015** Petitioner Attempts Suicide by hanging.

35. **10/29/2015** Final Pre-trial conference is rescheduled without Petitioners consent or notice. file 14

36. **NOV. 1 2015** Petitioner files motion to dischArge And APPointment of new counsel file ref-Nbr-15 (see exibit) Paragraph 5 States Failure to get the Petitioner mental health Assistance. Paragraph 6 states failure to get medical records timely And An Additional delay of trial.

37. Motion was date stamped on PAGE[2] by Worcester Superior Attest clerk on **NOV. 12, 2015**. After another 6 days this motion was then faxed to Clinton District Court And date stamped on PAGE[1] **NOV. 18,2015**.[C]linton District Court.

38. **FACT.** Motion was signed And dated on **NOV. 1, 8 2015**.

39. **FACT.** Petitioner was not even arraigned in Clinton District Court until **NOV. 8,2015**.

40. **FACT.** Motion was mailed to Worcester Superior Court. [Worcester S.S.] is clearly visible for Any clerk to see.

41. **FACT.** Motions' faxing could not Possibly be "mere lack of Due care"(see **Daniels V. Williams** 474U.S.327-Supreme Court(198 -6)

42. Petitioner will Aurgue this An egregious Act to deny A Substantive Right Const. Amend.1,6,14. A Conspiracy to Attack Petitioners equal Protection rights to Effective Counsel, Production of All medical Proofs favorable. A deprivation of due process. Invidious retaliatory discriminatory Action for the free exercise of Konst. Amend. 1, to file A lawsuit Against Dudley district Court. An obstruction of Justice. An "Authorized" And "Predictable" deprivation. An Abuse of Judicial Power.

43. **12/1/2015** At Clinton District Court Petitioner informs court file ref nbr 15 was filed in error. (see Exibit front PAGE of motion). no remedy was made Post deprivation to correct.

44. Petitioner is totally denied counsel for the next 3 months. All calls to CPCS denied. All letters to Worcester Superior Court stating motions faxing was corrupt were ignored.

45. file ref nbr 16. **12/09/2015** Petitioner files motion to represent myself co-counsel stating: "I could do A better Job than what CPCS was providing. Which was nothing" Motion never heard no Post Deprivation remedy, no communication from Attorney Tansley, And Roemer.

46. **12/20/2015** Petitioner extremely depressed with all retaliatory conduct to include his own defense Attorneys Cuts his Left wrist open 4 inches vertical.

47. **12/21/15-1/15/16** 18(A) eval. corrupt.no help. Its volitational to self mutilate.

48. **1/22/16** Petitioner still no communication from defense counsel (Two of them) file ref nbr.20 motion to Appoint new counsel. Substantive Rights to be heard deliberately "blocked", ignored.

49. On 2/15/2016 Plaintiff files a civil action in Worcester Superior Court against Southbridge Police.

50. All of Feb 2016 Dozens of calls to CPCS counsel are not accepted.

51. On Feb. 28 2016 Plaintiff is so overwhelmed with unfairness of the court and no help from counsel, he cuts his wrist open 6 inches verticle

52. On March 2 2016 Plaintiff is removed from middlesex H.O.C. for self mutilation and is returned to Worcester H.O.C., within 20 min. of arrival Plaintiff is forced to do strip search and anal area search in front of female staff while officers laugh as a source of fun in humiliation.

53. On March 4 2016 Plaintiff is habeas corpus into worcester superior for discharge of counsel file ref 15 after 5 month of its filing. Upon entering the courtroom two female clerks are starring at the Plaintiff and laughing and in an obvious display of social behavior likely to arouse ill-will upon the Plaintiff.

54. In March Plaintiff struggles to remove so many images and reflections of Human Beings hating on him so terribly. On March 12 2016 Plaintiff ties a sheet around his neck. Ties the other end around the fire suppression system stands on his toilet and jumps several times to attempt to break his neck. Petitioners neck is bruised and has a one inch ring around it.

56. On March 14 Plaintiff is Placed on Suicide Status.

57. On March 17 Plaintiff is extracted from his Suicide cell. His suicide smock is deliberately striped from his Body, walked naked Down a Flight of stairs, into a Day room full of outside Guests (8-12) for a extraction Demonstration. Mental health and Staff all histerically laughing.

58. March 2016 Plaintiff cuts his arm 7 inches vertical and is not Given medical attention for 12 hrs. (32 stitches)

59. March 2016 Plaintiff Cuts his arm open 4 inches. (6 stitches)

60. April 2016 Plaintiff cuts his arm open 4 inches (6 stitches).

61. April 2016 Plaintiff cuts his arm open 6 inches (15 stitches)

62. April 2016 Plaintiff sees new attorney Morris and explains his belief Evaluations are missing vital records of siezure disorder and self harm from the humiliation as result of Southbridge Police distributing Siezure video. Morris says he check into it. From April - June 2016 Plaintiff calls Morris 13 time via caseworker Demanding to know what records are in possesion of Psy. D. Howe. Morris never responds. Finally in June - July by caseworker call Plaintiff Gives a list of records to Morris. Morris writes a letter to Plaintiff stating DR Howe was not aware these records existed. Enclosed is a release

form Please sign and return And I will Get the records.
no release form was enclosed. (note this letter was sent
to the united states District court as exibit to 40066).

63. May 10 2016 Case worker James calls
worrester superior court to Check on status of Burnham v.
southbridge Police. James states the court is "Dicking"
me Around And wont Give me A striaght Answer. And
the clerk magistrate did not keep his Phone Appointment.
A Few days later James states they Approved Affidavit of
indigency for complaints and service of Process has to
Be completed by 5/28/2016.

64.  Around May 21 2016 Plaintiff files
by motion request to enlarge time for service of Process,
And for issuance of summons. (complete with Affidavit
serving All Parties) court never responds.

65.  Around May 25 Plaintiff re-files
Burnham v. Dudley court. Clerk Pretends I Never sent in
Affidavit of indigency. I sent it. (note Plaintiff sends
exibits Affidavit of indigency And a Back dated letter
from worrester superior clerks office to united states
District court worrester.

66. MAY 30 2016 Plaintiff files A Civil Action AGainst Worcester Superior And Dudley District Court. Both were Amended to ADA Damage Claims in June 2016.

67 MAY 31 2016 Plaintiff files A motion for A Change of venue Due to law suits to remove Bias Prosecutor And Judiciary (file ref Nbr 26. Pro-SE)

**CD: 1**

68- June 6 2016 motion is endorsed. Notice Generated to Attorney morris And District Attorney. motion is never Given Fair Hearing. No resPonce

69 Plaintiff Gets case worker call And demands A Change of venue, And All records in Possesion of Evaluator. Attorney morris Never resPonds.

70- On June 03 2016 similarly situated Albert Fulton (indictment 1485 CR01284 file ref Nbr 13) files Pro-SE motion to DischarGe counsel And for the APPiontment of new counsel. 3 days later on June 06 2016 (file ref Nbr 13) Habeas corPus is issued for defendant returnable for 6/08/2016.

**CD: 2**

71. On 6/08/2016 Fulton is Allowed by hearing to Address the court on Breakdown in Attorney Client relationshiP. motion Allowed (file ref Nbr. 15).

72. On 7/12/2016 Burnham (Plaintiff) files Pro-SE motion to discharGe counsel And for the APPointment of New counsel (file ref Nbr. 28). Irrationally no habeas corPus is ever issued. Irrationally Burnham is discriminated to Access to court for Next 5 months.

73. On 7/19/2016 this is the 120 day mark of the end of 276 58(a) (I beleave it is. Morris Appointment is 3/21/2016)

74 No habeas corpus is reflected in the docket text. Why? Because there was no intent to obey clearly expressed Legislative intent on safegaurds for Preventive detention.

75. Court ignored or tampered with explicit language. Without Plaintiffs "Presence" a Joint 22 day continuance on Compliance was entered. Subjective Judgment here is clearly lacking. On 7/12/2016 a motion is Pending to discharge counsel.

76. No Attempt to issue habeas corpus for Petitioner to be heard on fundimental Rights to counsel, and liberty before conviction.

77. No Attemt is made to allow Plaintiff a right to be heard on missing medical diagnosis' in evaluations.

78. No Attemp is made to allow Plaintiff a voice in his own Public trial.

79- On Aug 2, 2016 Plaintiff files
**CD:5** A Pro-SE motion under 42 USC §§ 10801-10851 for
the Appointment of An Advocate under the federal
Protection And Advocacy for individuals with mental
illness Act to "Protect And Advocate" for the rights of
the [defendant] (now Plaintiff), And to investigate
incidents of Neglect And Abuse, And to Preserve
Precious liberties Afforded under the constitution And
rights under the ADA. Motion Claimed A conspiracy
to Deny counsel And conceal vital medical records from
Forensic evaluation. Claiming Worcester superior
clerks office WAS obstructing A disabled Persons Access
to the courts in retaliation for filing lawsuits. Claiming
Worcester superior court has denied All request for
Discharge of counsel And Appointment of New counsel,
Claiming they dont except Pro-SE motions. Claiming
Being denied of voice in court because court
would not Allow [defendant] to be Present At court
Appearances in conflict with Fourteenth Amendment.

**CD:7** 80. Certificate of service to: United
**MAIL** States Attorney General's office Washington D.C 20530;
**LOGS** Commonwealth of Massachusetts Attorney General;
Honorable Elizabeth Warren senate office Buiding D.C.;
Honorable Janet Kenton-Walker (Trial Judge);
District Attorney's office worcester ma 01608;
Attorney John P. Morris salem ma 01570 (Defense)
MOTION WAS NEVER DOCKETED (SEE Exibit)
(see Exibit outgoing Mail record)

81- On 8/11/2016 Plaintiff is irrationally discriminated And his rights to presence At critical stage of compliance is blocked. Colorable objections And substantive Assertion on compulsory process, And counsel clause Are ignored.

82. On 10/07/2016 Trial Assignment Conference is held Asscheduled And Again Burnham is irrationally discriminated And his "Presence" is wilfully Blocked At this critical stage And his motion to discharge counsel of 7/12/2016 is still Never Given A "Fair Hearing". GRAVE UNFAIRNESS

83- On 10/26/2016 Plaintiff files A Pro-SE motion for Due Process hearing And Post Deprivation remedy with ORDER To show cause. Declaration in Support claiming Defense Evaluation is missing vital siezure records in Bad faith. memorandum of law And the motion Both claim defense counsel has conspired with Prosecution to withhold vital siezure data to protect trial court Employees From liability in Federal lawsuit. ORDER to show cause Demand New counsel.

CD: 6

84. motion is returned to this defendant undocketed Per Judge kenton-walker stating we dont accept EX-Parte motions... This original motion was sent to the united states District court of worcester.

85. IN Oct 2016 Albert Hines Similarly situated in All relevant aspects is having Communication issues with his defense counsel Jen Saunders. Hines Asks the Plaintiff to write A motion on his Behalf. write write/ Plaintiff write A very articulated motion to Discharge counsel and appointment of new counsel. Hines Submitts motion Pro-SE. within DAYs Judge Kenton-walker Allows Hines' motion.

86. on 11/21/2016 Fulton indictment 1485CR01284 who is similarly situated files A Pro-SE motion for county Jail transfer (with "Articles" in support of attached hereto) (file ref Nbr 23). Worcester Superior clerks offize Docket his Pro-SE motion.

87. ON 12/12/2016 Fulton Again file A Pro-SE motion to Dismiss Appointed Attorney and for the Appointment of New Attorney. (file ref Nbr 24) worcester Superior Docket his Pro-SE Motion. Allowed 12/30/17

88. on 12/20/2016 Habeas Corpus is issued for Albert Fulton returnable for 12/20/2016.

89. IN December Plaintiff is Forced to file A CPCS complaint with mathew Gilbertson. on 12/20/2016 Plaintiff explains withheld siezure records By counsel, Evaluators State and defense. Case Manager For Bar Advocate SAYS "You had A right to be heard". She issues A habeas corpus on my Behalf for the very Next day of 12/21/2016

90. On 12/31/2016 Plaintiff is Brought before Judge kenton-walker. Plaintiff explains defense and Prosecutor have withheld vital records in violation of Brady maryland. Plaintiff begins to explain unloyal actions of Defense and state he filed a 1985 conspiracy. Trial Judge strikes down the voice of the Plaintiff as clerks giggle. Stated I may have forfeited my right to counsel.

Plaintiff: I have the right to have a voice in my own trial.

TRIAL JUDGE: This is your voice (Pointing to defense counsel).

Plaintiff: He had actual knowlege those records existed Your Honor.

Defense Counsel: This is the first I've heard of this Your HONOR.

Plaintiff: Your HONOR I explained all of this in a Due Process motion. It was sent Back to me.

TRIAL JUDGE: WE DON't EXCEPT PRO-SE MOTIONS.

Plaintiff: I'm being Denied DUE Process of law, motions Being faxed off or undocketed. This Prosecution is in Bad Faith in violation of united states v. Ruiz.

TRIAL JUDGE: Your Being scheduled for a Hearing to determine if you lost your Rights to counsel.

District Attorney: Is it ok if we Finish our Evaluation while Accused has no Counsel. Judge says yes. D.A. Never does.

91. On 1/03/2017 Fulton who is similarly situated again files a Pro-SE motion for a

**CD: 2**   County Jail transfer (1485CR01284) file ref nbr 27. Worcester Superior Court Dockets Fulton's Pro-SE motion. On 1/23/2017 it is allowed.

92. On 1/23/2017 Plaintiff explains medical records of a CT scan showing a healed lession in Plaintiff Brain and diagnosis of siezure d/o and other mental illness is being withheld. Plaintiff requests self-representation. Plaintiff submitts motion to Dismiss on 8 Grounds.

93. On 2/21/2017 Plaintiff is Never Habeas Corpus for Appointment of counsel.

94. On 2/21/2017 Plaintiff is insead scheduled a mysterious Phantom court date with Clinton District court. later that DAYs Plaintiff speaks with Attorney Burk on the Phone. explains missing records. States I want a copy of entire case file to include records and Grand Jury minutes. Plaintiff says I want to know what records are in Possesion from which hospitals. Plaintiff explains to Pursue motion to dismiss and dont waive Appear-

**CD:14**   ances. Plaintiff Files 17(a)(2) motion. Its Never docketed

95. Plaintiff tells Burke to file a motion to Dismiss on Speedy trial Grounds as well as Due Process. Burke say first I have to get the case file.

96. On 2/21/17 Plaintiff files a Pro-SE motion For Production of medical records From 5

**CD:14**   hospitals. motions are Never Docketed. 17(a)(2)

97   In March 2017 David Perez was having Breakdown in communication with his lawyer. Perez Asked Burnham to Write A Pro-SE motion to Discharge counsel. Perez submitted Pro-SE Motion wrote By Burnham And it Docketed And Promptly Allowed.

98.   On 3/13/2017 Plaintiff is Again Blocked Access to Critical Stage of Compliance Date Amid so much colorable objections to Compulsory Process. On 3/31/2017 Burke Stated it was not his Fault Clerks office Never issued habeas corpus.

100.   On 3/24/2017 Plaintiff is Brought Before the Court without consult from Burke. Burke mention to Court something About testing. Plaintiff said what Are You talking About A 15(a)? Burke said no. I Asked Burke what About records And Grand Jury minutes. Burke said he still had not Got the case file yet. He thought it was Another Attorney morris.

101.   On 3/24/2017 no testing is done, no case file From Burke, no Explaination on missing records. Plaintiff on 3/25/2017 files 211 § 3. Files A motion to Stay trial Court Proceeding Stating Burke is unloyal, Delaration, memorandum of law And certificate of Service the D.A. was served. motion is Never Docketed By Court.

102.   On 4/05/2017 no testing is Availible. No Explaination is Given to Plaintiff.

103.   On 3/03/2017 Plaintiff filed 1:17cv 10396 under 42 USC § 12203 of the ADA Naming Judge Kenton-Walker, clerk magistrate McManus, and the Attorney General Maura Healy.

104.   On 4/01/2017 state Attorney's office files notice of Appearance and motions to dismiss. Appear-by Lucy Sun.

105.   Attorney Burke for defense in April will not provide Plaintiff with Grand Jury minutes he wont address what records are in case file.

106.   In April Plaintiff takes initiative and motions to Produce documents from 5 Hospitals. A 17(a)(2) hearing is requested under Dwyer. Its never docketed. Plaintiff files a 211 § 3 After dismissal of a petition for writ of Habeas Corpus § 2241.

107   After concerns about this two year delayed evaluation Plaintiff also files a motion in Worc Superior to stay trial Pending 211 § 3. Motion is never Docketed. Clerks Giggle as Plaintiff Addressed the Court on why motion has disappeared. where is 17(a)(2) motion. Judge Plays ~~ostrich~~ ostrich. I told Judge Evaluations are missing those records.

108. On 5/03/2017
Burke still has no Grand Jury minutes for
Plaintiff no Answer on medical records, no
communication on defense strategy. In
four month nothing. All while this Accused
is stuck on A 276 § 58 (a) for 20 months.

109. Attorney Burke's
Appointment is Prejudiced with conflict of
interest. He was A Former Partner in Law with
Fitchburge District Court Judge. Its only
A Prejudice because this Attorney had skill.
He chose not to Bring it to Bear for Plaintiff.

110. Plaintiff Claims
Burke's diliatory tactic's was [A] buse
of the criminal Justice system. As delay
here is the same as Punishment. As it is
Clear to All Plaintiff was not Criminally
responsible due to serious impairment of
mood And thought At operative event.

111. Plaintiff refuses
to take competency eval But one is Never
Available Anyway. Every date is oh Next
we Are doing An evaluation.

112. How can this Plaintiff
now be evaluated After over A year removed
from Acute deppression And distress And
now stabilized on Anti-Depressant.

113  On June 2, 2017 Petitioner is all done with interference of Burke. Trial Judge asks if its OK for Burke to withdraw.

114. Petitioner states He can withdraw However I want my motion to discharge counsel ruled on As I have a liberty interest in Fair Procedure. (Allowed)

115. Trial Judge says it going to take time to get a new lawyer. I told the Judge Ive been held on a 58 (a) for 2 years with nothing But Delay, And the S.J.C. says I cant be without counsel for 14 days (its 45 I mispoke). I told the Judge Im going to represent myself. Judge says He needs that in writing.

116. June 26 2017 Petitioner is in court And Judge says we still Have not got You a lawyer YEt. Petitioner says Here is my motion to Pro-se. Judge says He is not going to rule on it today.

117. Approx. July 19 Petitioner is never Brought to court- Petitoner is not Given a lawyer until July 26, 2017. 54 days no counsel.

118. Petitioner meets new counsel on 7/30/17. inter Alia I tell him I will Attack this indictment. Please Provide me with Docket text A.S.A.P.

119. Aug 20 I still have no Docket text so I File notice of appearance And another motion to discharge counsel As lead counsel And Pro-se. motion is complete with certificate of service, A

Declaration in support, And A memorandum of law.

120. Thurday Aug 31 2017 I speak on the Phone with Attorney Levinson And tell him I Put in motion to Pro-SE And Per commonwealth V. Rogers He does not make decisions w/out my Consent.

121. I Ask if he has got the case file he says no not Yet. (of course not)

. Again I told him do not waive my Appearances And I want case file.

122. He told me we have court on tue sept. 5 2017, I said I have A right to be there And Be heard on motion.

123. sept. 5 2017 Petitioner is transported to Worcester superior court Arrives At 10:00 Am After A 2 hour ride from Bristol H.O.C.

124. Petitioner is never unshackled And told by court officers court is cancled.

125. 1:00 Pm Back in Jail I call Attorney levinson And Account to call him is suspended.

126. Petitioner is All done with the dilatory Games its A 211 §3 or A 28 §2241 (I chose 211 §3 on 9/15/17 out of new respect for Federalism) S.J.C. This is your state and your Rule of Law. PLEASE RULE

(reford that Botterman)

127. It should Also be noted Plaintiff on June 16 2017 Plaintiff writes the Attorney General maura Healy. (Exibit)

128. The letter is in

CD: 11

Form As A NOTICE OF INTENT To FILE SUIT (§ 1983) AND A REQuest For Remedy.

129. Plaintiff Asserts his knowlege of law has Grown And Amendment of 4:16-40061 will show this improvement stating it will be filed this week.

130. Plaintiff is Also respectfull (I was trying). Plaintiff Asked for closure so He could start A new life.

131. June 23 2017 Plaintiff reQuest Clinton District court officer Give A COPY of this Amendment to court Clerk As A courtesy. (truthfully I know it was Arrogant) (But Im sick of being oppressed)

132 Well 3 days later I Am left in Belly Chains in worcester Superior All day. (They were Pretty tightly Applied). Im told no lawyer ect Above (June 27). 8hrs in Chains.

133. when Plaintiff Got Back to MR John Boston And DANiel E. manville's manual I discovered this reQuired Additional Process. see BenJAmin v. FrAser

264 F.3d 175 (2d cir 2001) US APP. Procedural
Protections of Wolff V. McDonnell.

134.     Now for 2 years
in custody this has never taken place. Even After
the Alleged Desk kicking incident or the
Alleged spitting while Being chained Down.

135-     On About July 31
2017 I Am Now escorted to court By A 4 man
S.W.A.T. TEAM (special operations group).

136-     At Clinton Court
the Court officer Puts me in the Holding cell And
Just slams the door very loudly. Chains Are
left on All day.

137     I explain to the
Judge I object to Prolonged use of restraints
As it was A Pro-SE defense. I explain the
Process for this would be notice to why
my hands need to be seized to my Body And
An opportunity to rebutt Classification.

138-     Judge said he
would Get An Answer for me.

139.     Next date I
beleive 8/15/2017 same thing Chains All day
I explain to the Judge in Clinton Court. Extra
Process. Ignored. After July 31, 2017 seizure
of my body All day I Fought back with 4:17-11496
A Future Ct Dates my hands are seized to my body.

CD: 12

140.  In sometime in Early Oct. 2017 I felt it was necessary to write the trial Judge Kenton-Walker And Explain to Her Different concerns I had. See Exibit
      (note A copy was sent to D.A.)

141.  This letter was A Practice of Interperson Effectivness, A cognitive Behavioral Thearapy skill. (Please see this Exibit I beleive its relevant to State of mind on my substantive Due Process Claim As well As removal of Prosecution)

142.  I thought I did A really Good Job Communicating: I WANT FAIR Process. I WANT Adjustment. I WANT imPartial Adjudicator. I WANT legal discretion Not [P]ersonal Power (Abuse). (note. use of I, not YOU)

[ Objective Effectiveness ] [ Relationship ] [ Self-Respect ]

| | | |
|---|---|---|
| Describe | Gentle | Fair |
| Express | Interested | Appology-Free |
| Assert | Validate | Stick to values |
| Reinforce | Easy manner | Truthfulness |
| Mindful | | |
| Appear Confident | (maybe I should have used | |
| Negotiate | more Easy manner ?) | |

143. On Sept 25 2017 Plaintiff files A motion to discharge counsel And for self-representation. motion was ~~complete~~ complete with certificate of service, Declaration in support, memorandum of law. motion was sent certified mail. motion is never Docketed, never heard.

144. On Oct 10 Another motion to discharge Counsel was sent And it was undocketed.

145. On Oct 20 2017 Plaintiff was never habeas corpus to court. Attorney levinson insisted Plaintiff be Brought to court.

146. On Oct 23 2017 Plaintiff was Squalidly Attempted to Participate in A Competency hearing for self harm in 2015. Petition refuses to Participate. Plaintiff is Allowed to Pro-se After 2 years of request However is wilfully deprived of ~~A Guaranteed~~ ~~right to~~ standby Counsel.

147. On Nov 10 2017 Petitioner recieved his case file And medical file from Previouse defense Attorney's After 2 years of requests to view. CPCS Attorney's did in fact Posess those siezure records And did in Bad faith withhold data to Protect the trial court from liability.

A LEGAL FICTION "A tale" of A defense.

148. On Oct 23 Plaintiff explains Prolonged belly chains requires some "Process" per 2d cir BenJamin v. Fraser. Judge said file what you want.

-34-

149.   On 10/28/2017 the now motivated Pro-SE sends to the criminal clerks office @ Worc. Sup. A letter requesting a copy of the Docket text. All motions that are attached to 1585cr00462 to include All in which are placed in the Pro-SE Folder.

150.   The clerk never answers the Pro-SE (Defendant)

151.   On 11/08/2017 the Pro-SE sends (with service 211 §3) 7 CD copy order forms. Requested dates for Audio are dates in which Accused was blocked Access to Courts. (Never Answered)

152.   On 11/08/2017 Plaintiff files a motion to Remove bias Judges prior to Dec 6 Hearing. Complete with certificate of service, Declaration, memorandum of law.

153.   As of today Dec 14 2017 motion has not been given fair Hearing. Bias Judge has wilfully violated a Direct command of the fourteenth Amendment.

154.   On 11/29/2017 the Plaintiff files ADA DAMAGE claim (Anti-retaliation) in Worcester Superior court naming Defendants Commonwealth of Massachusetts, Judge Kenton-Walker, Clerk magistrate McManus, clerk

Dempsey under 42 USC § 12132, § 12203

155.    On 12/05/2017 the Plaintiff is brought to Worcester Superior Court. Plaintiff's waist chains are removed after requesting to speak with the Chief trial court officer.

156.    Plaintiff is informed ~~that b~~ by Judge Kenton-Walker because of the lawsuit filed naming her and others the case is to be transferred out of county.

157.    Plaintiff informs court he is being held in violation of the Constitution Laws or treaties of the United States.

158.    Court officer slips in my Defense folder D.A.'s response to Rule 36 motion without informing me. Folder is given to transport officers. Accused has no Idea of service until 10 days later.

159.    On 12/14/2017 Again on appearance in worc-sup. Plaintiff is told waist chains will stay on.

160.    Plaintiff before Judge Kenton-Walker states there will be no venue change.

161.    Plaintiff asks to submitt a motion to release the unlawfully restrained defendant on personal recoginace pending trial. Judge dont want to take motion

162.    Judge allows Plaintiff to be heard on Bail. Set 35,000

163.    Plaintiff insists my motion, affidavit, memorandum Be Docketed. Judge Judge say I Just ruled its Denied.

164.    Plaintiff says I want it Docketed and you can deny it if you want but I want it preserved for appeal to Single Justice.

165.    Judge attempts to set a trial date without considering a pre-trial conference. Plaintiff insists a date for status.

166.    Plaintiff state defense is a constitutional defense. And the material requested from clerks office is vital to that defense. I have suffered a Prejudice. The clerk never answered my requests.

167   Plaintiff states he needs all copy of Pro-SE motions that have been docketed or undocketed to the Pro-SE folder.

177.   Judge says she will docket all Pro-SE motions and I can look at the docket text.

178.   Plaintiff argued Belly chains Beyond transport require process. Plaintiff had to fight to be heard.

179.   Plaintiff stated what has changed since last week where my hands were were not seized to my body. she only quotes my behavior at Jail.

180.   Trial Judge is seriously bias. unfair and impermissibly interested.

181.   Plaintiff truley does his best as a young litigator to explain THIS IS WHY THE SUPREME COURT OVER 100 YEAR AGO Held adequate fact finding in front of a nuetral and detached decision-maker at the first sign of contraversy

182.   Plaintiff is in JeoPARDY of irrepairable unJust loss of liberty without Guaranteed fair trial. The irreParabl inJury is "both great and immediate"

38-

183. There is no WAY I can Get A FAir Defense in that venue with All the ADA damage Claims

184 There is no WAY my constitutional defense Against the state will be Given FAir Procedure And A FAir Hearing.

185. It is clear there is An effort to Just convict without FAir Process And make me APPeal

186. The state is not Free to imprison without FAir Procedure.

187. FEDERAL Courts responsibility is to unsure rights under Federal constitution Are upheld.

188. This is not Just A single lapse in Judgement. 29 months of the same violations is Personal POWER.

189. There has been 211 & 3 s Previous & 2241 s still they never referenced or AJusted to Principles and Precedent.

190. All I want is A FAir trial to Present medical opinion that From multiple MD's that I WAS in FAct mentally ↓ ill Be clear And Present Evidence. (CONT. DFNS. Also)

Signed under Penalty of PerJury the foregoing is True  Arthur Bahm  12/19/2017

# TITLE II ADA

191. Plaintiff Prima-facie case contains Sufficient factual matter, accepted as true to state A Claim for Relief under 42 usc §12132

192. Plaintiff is A Qualified individual under the ADA by meaning on multiple Pronbs of §12102

(a) has A Physical and mental impairment that Substantially limits one or more major life functions

(b) has A record of such impairments @
(1) U-mass neurology; siezure disorder
(2) Harrington Hospital; siezure disorder, BiPolar disorder (depression)
(3) ST. Vincents Hospital; P.T.S.D., Adjust- ment disorder, Elevated Suicide Risk by diaGnoses with trauma, Depression.
(4) Arbour Hospital; Disruptive mood dysregulation disorder, Ajustment disorder with depression, BiPolar And related disorder (unspecified)
(5) Metrowest Medical center; mood disorder, rule out BiPolar disorder

193.  State trial court officials, state Bridgewater hospital officials, Psy. D. Howe for defense, Defense Attorney's Tansley, Roemer, morris Are All subject to the ADA.

194.  Plaintiff claims the defendants subjected this Plaintiff to irrational disability discrimination, Pervasive unequal treatment in the administration of state services and Programs, including systematic deprivation of fundimental Rights under the sixth and fourteenth Amendments, to include the right to counsel, compulsory Process, Access to courts, Presence At critical stages of trial, Rights to Present a complete defense, Rights to be meaningfully heard in defense, Rights to Equal Protection of the laws, Right to reasonable treatment And care of Person in Custody And Control of the state. Discrimination was But-for cause of Disability.

195.  Title II is an appropriate response to this type of unequal treatment. Unquestionably, it is valid § 5 legislation As it Applies to the class of cases implicating the accessibility of Judicial services. Congress' chosen remedy for the Pattern of exclusion and discrimination at issue. Title II's requirment of Program accessibility, is congruent and Proportional to its object of enforcing the right of Access to the courts. The long history of unequal

treatment of disabled Persons in the Administration of Judicial services has Persisted despite several state and federal legislative efforts to remedy the Problem. Congress learned that many individuals, in many states, were being excluded from courthouses and court Proceeding by reason of their disabilities, including "Systematic dePrivation of fundimental Rights". e. g. Youngberg v. Romeo (Abuse and neglect of Persons committed to state mental hospitals), in the Penal system [ key v. Grayson ], And in the Administration of Justice [ People v. Rivera ].

196. Here in the case At Bar worcester superior court officials failed to take adeQuate corrective measures to remove architectural And "other" Barriers (rules, Policy, Practice) in which were errected to systematically Block Plaintiff Access to the court in his own Public trial. §12112(b)(5) defines discrimination to include the failure to Provide "reasonable accommodationS". Such reckless [A]buse of Judicial Power was A Political measure to thwart the Plaintiff Rights to his Protected class (disability), And Play "ostrich". "we didn't know he has siezure d/o". "we didn't know the records Are my file in my CPCS office". "we didn't know he has 140 stitches from suicide AttempTs"

197. Title II requires the state to make reasonable modifications to Public Actors, rules, Policies or Practices §§ 12131 (2) - 12132. Congress intent in shaping the ADA was to include individuals with disabilities among People who count in "we the People".

Here court officials failure to remove Barriers or to modify Rules, Policy or Practice became Substantial in Gross having A cumulative affect on this Plaintiff well-Being. Resulting in denial of treatment, multiple suicide Attempts, lifetime scars, denial of Guaranteed fair trial, And systematic exclusion From his own Public trial for 24 months. All while on A Preventive detention with no Bail, And no Procedural safeguards, And no Fair Hearing. Such invidious discrimination was But-for cause to wilfully omitt Vital Siezure data, And mental illness from the trial Process And Chill or Frustrate ADA damage Claims. And to deprive Plaintiff of his rights under the ADA.

198. Trial court official were only required to make "reasonable modification" to the Policy OR Practeces to Accommodate the Plaintiff. Plaintiff was not seeking to fundamentally alter the Nature of the service Provided. §§ 35.150 (g)(2), (a)(3)

Here the duty to Accommodate this Plaintiff would have not imposed Any financial hardship or Administrative Burden upon the trial court or Bridgewater state hospital NOR Any Burden upon the defense counsel's And Psy. D. Howe for Defense. Such failure to Accommodate And invidious discrimination BY All "shocks the conscience" of our Adverarial system.

199.  The Plaintiff claims Bridgewater state hospital did irrationally discriminate And failed to Provide [A]ccess to [P]rogram for treatment for Severe depression And suicide idiology As well As Fair determination of Qualifications for 15(b) lack of criminal responsibility Evaluation by deliberately concealing vital medical data Pertinant and relevant to [b]enifits of treatment and handling of Evaluation. Such invidious discrimination Based upon disability And fundimental Rights is constitutionally impermissable. Such recklessness resulted in deliberate indifference to Constitutional rights Almost causing death.

200.  The Plaintiff claims worcester superior court did discriminate based on disability, deliberately denied And Blocked Access to the courts As well As A systematic deprivation of fundimental Rights. see, e.g. @ Tennessee V. Lane, 541 US 509, 124 S. ct. 1978 (2004)

# OBJECTIVE COMPONENT

200. PSY. D. MEYER Admitts she is in Possession of the following medical data, As Basis for her informed Clinical opinion.

## ST VINCENT'S HOSPITAL
## (omitted data)

DiAGnosis: kenneth Hetzler, MD (FEB 4)
AXIS I:
1. AJustment Disorder
2. POST- TRAM Stress DiS          309.81
3. Elevated suicide risk by diaGnosis with Trauma and Previous attempts as Additional risk factors.

## ST VINCENT'S EMEGENCY

DiAGnosis: JAmes Rifino, MD
4. Wrist LaceratioN; Suicide Attempt

## U-MASS ( CHL INC.)

DiAGnosis: Shukair,mD
AXIS I:
5. mood disorder

-45-

DiAGnosis: Vatsarari MD   6/16/2015
AXIS I:
6. BiPolar


DiAGnosis: Cora-Butler JONES   6/14/2015
AXIS I:
7. mood Disorder
8. ANXiety Disorder


DiAGnosis: Caroline Gowen   4/28/2015
AXIS I:
9. Mood Disorder
10. Post-Traum Stress Dis


DiAGnosis: Robert Bailey   4/27/2015
AXIS I:
11. mood Disorder
12. POST-TRAUM Stress Dis


DiAGnosis: Collen Popores   4/27/2015
AXIS I:
13. Mood Disorder
14. POST-TRAUM Stress Dis


DiAGnosis: Keith Demetra   4/27/2015
AXIS I:
15. Mood Disorder

- 46 -

DiaGnosis: Lynn Nanos
AXIS 1: Mood Disorder (16)

DiaGnosis: Jaarmil Givings    4/26/2015
AXIS 1:
17. Mood Disorder

DiaGnosis: Mary Keogh        4/28/2015
AXIS 1:
18. mooD Disorder

DiaGnosis: marie Hobart MD 4/28/2015
AXIS 1:
19. Mood Disorder
20 POST-TRUAM STRESS Dis
21. SECTION 12(a) mental illness Psychosis

DiaGnosis: LEAH Richler MD. 4/29/2015
AXIS 1:
22. Emotional Distress

DiaGnosis: Cindy Gruz MD. 1/15/2015
AXIS 1:
23. EMotional Distress

DIAGNOSIS: LYnn NANOS   2/26/2015
AXIS 1:
24. Mood Disorder

DIAGnosis: SUSAN GOSS   2/17/2015
AXIS 1:
25: POST-TRAUM STRESS DIS
26: MAJor DePressive DIS

AXIS 1 IMPAIRMENTS PSY MEYER
WITHELD, DISREGARDED OR
REFUSED TO VERIFY

ARBOUR HOSPITAL

DIAGNOSIS: RAMA Yarasani MD   2/25/2015
AXIS 1:
27: DISruptive mood dysregulation DIS

DIAGNOSIS: CHif medical Examiner L DU ComB
REASON FOR ADMISSION "Suicidal" 4/09/2015
AXIS 1:
28: unspecified biPolar and related DIS

DIAGNOSIS: RAMA Yarasani  6/12/2015
AXIS 1:
29: Adjustment disorder, with depression

## METRO-WEST HOSPITAL

DIAGNOSIS:                    4/28/2015
AXIS 1:
30: mood disorder, RULE OUT BIPOLAR

## HARRINGTON HOSPITAL

DIAGNOSIS               6/03/2015
AXIS 1:
31: BIPOLAR NOS

201.   Plaintiff claims the Above AXIS I DiAGnosis' Are serios medical needs. They Also Qualify this Plaintiff for Protection under 42 usc § 12102 by definintion.

202.   Plaintiff claims it commonwealth, and Meyer knew of a substantial need for treatment As well As A Basis for AXIS I mental impairment During the operative event in Question. from the very FACT that the mental illness was obvious. The substantial risk for self harm without treatment was obvious.

203.   The overwhelming medical evidence in her Possession show A standing well-document and expressly Noted AXIS I mental illnesses' diagnosed by At least 8 medical Doctors, several master's level LIC. mental Health workers, And one Chief medical examiner. (Documetation of sliced wrist "serverely")

204.   The circumstances suggest The Commonwealth had been exposed to the medicAl data of AXIS I impairments. PSY.D MEYER in a reckless disregard for the Plaintiffs' rights under the ADA and the fourteenth Amendment, REFUSED to verify the underlying mental illness' that she strongly

suspected to be true and declined to
confirm inferences of risk, And A need for treat-
ment she strongly suspected to exist.
in An effort to AiD the Prosecution, sheild
the Allergations, And deprive the Plaintiff
of his rights under the ADA 42usc§12101

205. The Plaintiff will show
medical unReasonblness based on discrimination.
see, Kiman V new HAmshire D.O.C., 451 F3d
274 (1st cir 2006)

## SUBJECTIVE COMPONENT

206. PSY. D. MEYER'S
15(b) is Extremely unreasonable. It is
Based on slander And outright LIES.

1. The one MEDICAl reference in this Eval
by DR Shukair is A revision suspiciously
DAted 7/01/2015 2 week After Plaintiff is
in custody @ Bridgewater Hosp.
Is it reasonable to beleive Plaintiff

(MDE 2) on 6/14/2015 Burnham Presented to U-MASS with A
complaint "Im Just looking for A Place to stAy" when
the Admission records Quote "I don't Feel safe, Thoughts
of suicide by cop". First PAGe: PTSD, DePression, siezure d/o
SEE Exibit

**MDE 8**

2. Is it reasonable PSY. D. MEYER states Burnham cutting his wrist open did not need medical attention. when her medical records in her possession show A serious wrist laceration in which EMERGENCY M.D. DIAGNOSES AS suicide attempt. (see exibit

**MDE 3,4**

3. Is it reasonable PSY. D. MEYER'S goes in great length (3 PAGES) about slanderous Drug use, HOWEVER declines to document A 3 week inpatient Admission from A Sec. 12 right out of the Dudley District Court. (4 lines with no reference to Arbour Hospital) see Exibit Arbour Hosp.

4. Is it reasonable to Believe Burnham "Admitted" [Burning the Police car] "he did this so he could come Back to Bridgewater State Hospital, in part because he wanted to see a female clinician at the hospital (the one he wrote about in his diary)"

5. Is it reasonable to Believe Burnham stated "his Psychiatric admissions were related to him wanting Food and shelter and A Place to stay" (thats not whats Documented.)

(6.) Is it reasonable for A Profesional State forensic evaluator to state in her final Page of her report titled CLINICAL OPINION REGARDING NEED FOR CARE AND TREATMENT (MDE 16, P6.18) "some of his reports dont seem entirely credible" (As she talks About MOZZIE loader of Protected Conduct 4:15cv40031) "TO MY Knowlege NONE his reported Suicide Attempts have necessitated medical intervention"... "Its more likely that his suicidal statements and Jestures are ..... for secondary Gain".

IS IT REASONABLE for A Psy. D. to State Something As untruthfull As the forementioned when All records in her Possession show A Plethora A very serious medical intervention. cutting wrist 7.3 cm And 2 cm in with is not serious. (MDE 8 in her Possession)... "Patient has scrapes and Bruises all over his entire body due to Jumping into a river sunday night as An attempt to kill himself" (MDE 4 P6.1) A chief medical examiner dont no the difference between "secondary Gain" And true distress. EVEN MDE 2 24 hrs from event shows well documented serious crisis. MDE 2 P6.9 CRISIS TRIAGE RATING SCALE 3-9 is Extreme/servere in contrast 12-15 is Low. Burnham Score is A 4 The Highest Scale Posible 48 hrs From Event in Question

- 52 cont. -

(6 cont.)         IS it reasonable PSY. D. MEYER
has records in her Possession U-MASS 48hrs
From the Operative event in Question
would Just out of "mere lack of Due care"
FAIL to NOTICE The URGENCY OF
RESPONSE  For the Admission 48hrs
From the event. She is DUTY Bound under
Her MEDICAL Lic. TO USE PROFESSIONAL
JUDGMENT / DUE PROCESS. Its simPLY
NOT Possible for PSY D. MEYER TO
overlook So much Data. 48hrs From Event
She is supposed to be evaluating For shows A
Clearly exPressed-Well Documented
LEVEL OF EMERGency ROOM Records
IN The Highest Possible EXTREME /
SERVERE Level care. the scale RatinG
AGain ab (MDE Q P6.9) is 3-15. Burnham
Score is A 4.... Quote "To my knowlege
None of his rePorted Suicide AttemPts
Necessited MEdical intervention".
 The secondary Gain here is the Actions of
this rePort to AID A An UNFAIR Prosecution
under Badfaith vioslating the Plaintiff's rights
under the ADA and the fourteenth Amendment.
To me having Suffered threw no treatment And
Personal Attacks because I Filed 4:15cv40031 WAS
very very UNFAIR No wonder why I withdrew it.

(10) Is it reasonable A superior trial Court who's duty to the Public is Pursute of truth, to Block An Accused Access to his own trial After inquiring the Above medical DiaGnosis' Are being omitted

(11) Is it reasonable for the same trial court subsequent of the Accused inquiry to oppress the voice of that inquiry for 2 years on Preventive detention.

(12) Is it reasonable for that same trial court to ignore request for Discharge of counsel by An Accused who is searching for exculPatory diaGnosis' Above.

MDE 5

(13) Is it reasonable Psy. D. MEYEr Stated Burnham Presented to the E.R. on APril 28 2015 when Burnham was Brought by Ambulance Per MD Sec. 12 (a) for Psychosis. Its unFair to leave this omitted.

(14) Is it reasonable to believe this is A system-wide Effort to hide obvious AXIS 1 impairments. (The facts infer YES)

207. Is it reasonable Psy. D. MEYER would invalidate A Personality Assesment Inventory of 344 multiple choice Questions. (within days of the operative event) Claiming either malingering or Portrayed himself in A Highly Negative manner. WHEN:

MDE 2:
PG. 3

IN HER POSSESSION IS U-MASS record:
(24 hrs From Event)

(a) APPlication Pursuant to 12(a)
(Pt is Phychotic and delusional.)

(b) This Patient has been diagnosed with mental illness. As defined in 104 CMR 27.05(1). Is in need for treatment for this mental illness.

ADULT TREATMENT PLAN 6/15/15 8:51 Pm
Admitting Psychiatrist: DR. VATSAYAYI MD.

INITIAL DIAGNOSIS: MOOD disorder, PTSD, Depression

MDE 2:
PG. 5

What Factors led You to be Admitted?

FELT COULD NO LONGER BE SAFE
THoUGHTS OF SUICIDE BY COP

Recent Stresses: Financial, Family + HOMELESS

208.   PSY. D. MEYER 15 (b)
evaluation is so outrageously unreasonable
it cannot be considered medical negligence or
"[P]urely medical decisions" it is clear there
is a discriminatory animus. Therefore
PSY. D. Actions Are "Arbitrary and Capricious."

209.   Worcester Superior courts
subsequent unreasonable actions support this
Conclusion. As All Access to court discrimination
have causal Nexus to withheld medical data.

210.   Plaintiff claims [his]
need for Treatment And accommodation was
Obvious and was triggered by request by
defense counsel on 6/17/2017. And by request
of the Plaintiff in the ignored motion for An
Advocate §10801. (As well As file ref #15) see, e.g.,
Reed v. LePage Bakeries inc., 244 F.3d 254, 261 (1st cir 2000)

211.   MEDICAL Care is one of
the "services, Programs, or Activities" coverd by
the ADA see, Georgia, 126 S. Ct. at 881 (stating
that the "deliberate refusal of Prison officials
to accommodate [the Plaintiff's disability-related
needs in such fundamentals as... medical care...
constituted `exclu[sion] from Participation
in or... den[ia]l of] the benifits of' the Prisoner's
`services, Programs, or Activities'"(42 usc §12132)
The right to Access the court And Participate, same.

212.   Plaintiff claims the Acts or omissions of PsY. D. meYer was so medically unreasonable it did rise to the level of constitutional error As it is Arbitrary And capricious And Pretextual for A discriminatory motive to hide medical records from A Public trial and meet the Goals of An unFair Prosecution And to Advance [o]ne sided determination of facts decisive of rights under the A D A And the fourteenth Amendment to the United states constitution

(1)   Plaintiff claims Above he is Qualified individual with A disability:

(2) that he was excluded from Participatin in, or denied the benefits of a State entity's services, Programs, or Activities of Bridgewater state hospital, Worcester superior court or otherwise discriminated Against;

and (3) that such exclusion, denial of benefits, or discrimination was by reason of his disability. see, Parker, 225 F-3d at 5

Plaintiff has been discriminated And deprive A Guaranteed Fair Public trial based on disability. violating his civil Rights.

## Anti-Retaliation (ADA)

213. The forementioned Paragraphs And Prima-Facie case contains sufficient factual matter accepted as true, to state A claim to relief under 42 USC § 12203 (ADA)

214. There is explicit Rights-duty-creating language in this case [§12203(a)] e.g. @ Sholtz V. City of Plantation Florida, 344 F.3d 1161 (2003) ("Thus the Anti-retaliation Provision unequivocally confers on those whom it Protects A Federal Right to be free from retaliation, But Also imposes a correlative duty on All individuals to refrain from such conduct")

(a) Plaintiff was engaged in Constitutionally Protected Activity under the ADA 4:16 cv 40061, 4:16 cv 40067, 4:16 cv 40156, 1:17 cv 10396

(b) Plaintiff suffered "materially adverse" Actions.

(c) The Adverse Actions are causally related to the ADA Protected Activity on A Plethora of fronts or Prongs. see. Burlington Northern & Santa Fe rail co. V. White 548 U.S. 53, 68 (2006)

215. The claims the officials conduct was "materially adverse". Conduct was irrational w/out adequate determining principle... [or] Arrived at through an exercise of will or caprice, and w/out consideration or Adjustment xx with reference to principles. State official conduct was Arbitrary in a constitutional sense at a cognizable level of executive [a]buse of power. see, e.g. @ Daniels v. Williams, 474 U.S. at 331.

(A) After clerk magistrate McManus became aware that Plaintiff filed A D A damage claim 4:16cv40061 As well As 4:16cv40066, And 4:16cv40067 against himself and then Worcester Superior court officials did the discriminate against this Plaintiff for having opposed An act or practice made unlawful under the A D A ( 42 usc §12132) by employing systematic deprivations of fundimental Rights, in Retaliation

(1) The right to be "Present" at critical stages of the trial in An Attempt to silence xx the Plaintiff's substantive assertions And use "absence" to frustrate the fairness of the proceedings. see. Faretta v. California, 422 US 806, 819, n 15, 45 L Ed 2d 562 95 S. Ct. 2525 (1975). IN essence interfering with rights of the Sixth Amendment. xx xxxxxxxx

(2) The right of the accused to have a "meaningful opportunity to be heard" on substantive assertions by irrational errection of Barriers to Purposely exclude Plaintiff From full Participation in Judicial Proceedings. see, e.g. @ Boddie V. connecticut, 401 US 371, 379, 28 L Ed 2d 113, 91 S ct 780 (197).

216. Here a reasonable state official in the Clerk magistrates Position [or] in the Judiciaries Position (trial Judge) would have Been aware that these Actions were not consistent with are Nations history, legal traditions, and Practices with responsible decision-making in regards to Due Process JurisPrudence, to Alter conditions of Right of Access to the court. Therefore "materially Adverse".

217. In Hicks V. Baines, the Second circuit distilled four key Principles to Applying Burlington northern: The fourth Principle, in determining whether conduct amounts to An Adverse employment action, the Alleged Acts of retaliation need to be considered both seperately and in the aggregate, As even minor Acts can be "substantial in Gross" As to be actionable. Id. 593 F3d 159, 165 (2d cir 2010)

218. Here veiwed objectively from a reasonable state official it would not be considered a "Petty slight" or a "minor annoyance" or even simple "lack of good manners" to wilfully deprive a criminal defendant of his guaranteed right to be to be heard on substantive assertions that his counsel was unloyal and uncooperative, and his compulsory process was not true due to Federal lawsuits against the trial courts. The Hicks court explained that "context matters"

219. The went on to state, "Hence a Legal standard that speaks in general terms rather than specific prohibited acts' is preferable, for an act that would be immaterial in some situations is material in others, Id.26

220. Here in 1585CR00462 these acts were substantial in Gross. Adverse Actions:

1. on 7/12/2016 ignoring file ref Nbr 28 to discharge counsel and for New counsel.

2. on 7/19/2016 deliberately blocking Presence at critical stage. wilfully ignoring or Tampering explicit language of 276 58 (h) by continuance of compliance date 11 days under Pretext. Allowing Plaintiff to remain on Preventive detention For 16 additional months, and ignoring motions For an Advocate to Protect ADA rights. And due Process.

4. Blocking Plaintiffs right of Access to the court on 8/11/2016 "Critical stage" compliance when the Accused has Asserted compulsory Process is not true and fair. And counsel was ineffective.

5. Blocking the Plaintiffs Sixth And fourteenth Amendment rights to compulsory Process, effective counsel, rights to be heard by forcing the Ahead with trial Assignment on 10/07/17 Against colorable objections by the Accused.

6. Striking down the defendants voice on 12/21/2017 As he mentions Federal lawsuits.

7. deliberately scheduling hearing on 12/21/17 Same day As Clinton court to Block right of Access under Pretext to silence the Accused.

8. Blocking right of Access to court on Compliance Date 3/24/17 as it is clear the Accuse has Asserted compulsory Process is not true and Clear.

9. not Docketing Production of medical records motion By the defendant.

10. Issuance of a 15(b) competency evaluation for self-havin dating Back to file ref Nbr. 15, in A squalid Attempt to silence the Accused

11. Denial of the right to self representation on 6/02/17. (Verbal Notice)

12. Denial of the right to self representation by motion on 6/27/2017 file ref # 36.

13. Deliberate denial of counsel for 54 days from June 2 - July 26 2017.

14. failure to docket Discharg of counsel of Aug 20, 2017. And right to self representation.

15. Deliberately not Docketing motion to Discharge And to self representation sent certified mail on 9/25/17 (7015 3010 0001 5835 8854)

16. Deliberately Blocking right of access to the court on Sept 05 2017. To frustrate rights.

17. Deliberately Blocking right of access to the court on Oct 20, 2017 to frustrate Rights.

18. Deliberately interfering with Pro-SE defense on 10/28/17, 11/08/17. (Requests for material)

221. Here Applying the Burlington northern standard a reasonable Jury could conclude that these ominous prospects within the Plaintiff's trial Process (criminal) are more than sufficient to deter any reasonable citizen from filing any sort of discrimination complaint against the trial courts of Massachusetts. See, e.g. @ Rattigan V. Holder, 643 F. 3d at 986-87 (FBI agent stationed in Saudi Arabia who alleged he was refferred for a national security investigation in retaliation for his complaint of discrimination under Title VII) (D.C. Cir. Sept. 13, 2011) Also see, Benuzzi V. Board of Education, 641 F. 3d 652, 2011 U.S. APP. Lexis 14904, *34-35 (7th Cir. July 21, 2011) (Holding, Notice of Disciplinary Action Provided to the Plaintiff was "materially Adverse" were it cited "Petty misdeeds allegedly that occurred months, coupled with the unexplained memorandum restricting" the teacher's Acces to the school Building she taught without Permission)

222. Benuzzi court ruling has analogy to the case at Bar. On 3/24/2017 an order for competence to stand trial (file ref Nbr. 33) was entered. It was not heard until Oct 23, 2017. On Oct 23, 2017 the District Attorney stated "reports from the Jail are Mr Bumbam tried to take his life" "this is the first time we could get together to do the 15(a) evaluation."... The reports from the Jail are from Oct 15 2015. over two years ago. file ref Nbr 15 in which this Plaintiff begged for help. This was Egregiously faxed off to Clinton Court and this Plaintiff erroneously deprived treatment by the Judiciary. 2 years later after Plaintiff studies civil Rights law and has filed lawsuits as well as Attacking the indictment that voice needed to be silenced. So 2 years later a squalid retaliatory Evaluation is ordered to delay self-representation. What an "absolute" mockery and sham.

# CAUSATION

223. Plaintiff claims there exists a causal Nexus between his Protected conduct and the officials retatiatory responce.

(1) TEMPORAL PROXIMITY between Protected activity and the Adverse Action

is within DAYS on multiple Prongs.

(a) ADA Damage Claim against trial court
employees of Dudley  4:16cv40061 was filed
in late May 2016

(b) ADA Damage Claim against trial court
worcester Superior  4:16cv40067 was filed in
June 2016. (mid-June)

(C)   On July 12 2016 motion to discharge
counsel and appointment of New counsel is ignored.
Adverse Action is "Right of Access" Blocked.
Rights under "counsel Clause" Blocked.
Rights under "confrontation Clause" Blocked.
Aug. And November motions go undocketed, unheard.
Temporal Proximity between A-B and C is
21 DAYS And 45 dAYS.

224. Plaintiff has Direct written evidence
that others Similarly situated were treated more
favorable. Albert Fulton 1485CR01284 on
6/03/2016 (file ref Nbr 12) Submitted A Pro-SE
motion to Dismiss counsel and for the appointment of
New counsel. 3 dAYS later on 6/06/2016 (file ref
Nbr. 13) worcester Superior court issued A Habeas
corpus returnable for 6/08/2016 for Hearing on
motion. Albert was heard within 5 dAYS on his

Substantive assertions with counsel. Albert's motion was endorsed and allowed (file ref 15).

225. On 11/21/2016 Albert filed a Pro-SE motion For County Jail transfer (file ref. Nbr. 23) Worcester Superior Court Docketed his Pro-SE motion.

226. On 12/12/2016 Albert filed a Pro-SE motion to Dismiss Appointed Attorney and for the Appointment of New Attorney (file ref 24) 8 days later Worcester Superior Court issued Habeas Corpus for Albert returnable for 12/30/16. On 12/30/16 Albert was heard and his motion was Allowed. Process was Afforded.

227. In Oct-Nov 2016 Albert Hines Similarly situated asked Plaintiff to write a Pro-SE motion to Discharge Counsel Jen Saunders. Writ-writer Burnham (Plaintiff) wrote the motion and Hines Submitted it to Worcester Superior Court. Hines was Promptly heard and his motion was Allowed.

228. On or About June-July 2017 Hines Again motioned to Discharge unloyal counsel. Hines Again was Promptly heard and Standby Counsel was Provided. Process was Afforded

229. Here in 1585CR00462 After state officials requisite knowlege of Protected Activity Burnham is treated less favorably. Motions ignored.

10

A systematic deprivation of liberty then occures without due process by discrimination to fundimental rights of access to the court And access to counsel. Rights Gauranteed by the Sixth Amendment made Applicable to the states by the fourteenth Amendment. At the same time affording others these fundimental Rights.

230.   On 3/03/2017 Plaintiff filed An ADA damage Claim (Anti-Retaliation Provisions)§12203 1:17cv10396 against Judge Kenton-Walker, clerk magistrate mcmannus, Attorney General maura Healy for the Above deprivations.

231.   All defendants have requisite knowlege of the ADA damage Claim As Assistant Attorney General Lucy Sun BBo#691766 files A notice of Appearance and Motion to Dismiss on 4/01/17. (see exibits)

232.   RETALIATION

(A)   Plaintiff was engaged in ADA Protected, conduct 1:17cv10396. On 6/06/2017 the'' Civil Action was dismissed on Jurisdiction Grounds of "Younger v. Harris"

(B)   Plaintiff suffered Adverse Action At the hands of the defendants in responce to the Pleading.

## 233. ADVERSE ACTIONS

1. Defense Attorney Patrick Burke former Partner at Law with local Judge Denies effective Assistance of counsel by discrimination. 3/17 – 6/17

2. On 6/02/2017 Plaintiff is deprived rights to be heard on Self-representation. (verbal notice)

3. on 6/27/2017 Plaintiff is deprived his fundimental right to counsel, and is deprived his fundimental right to by heard in his defense in his person. Plaintiff is also deprived fair procedure in his motion to Co-counsel. (Ignored)

4. on 7/14/2017 Plaintiff is deprived of his liberty with$^{out}$ Gauranteed fundimental Rights to Counsel. Deprived Rights to Self-representation. Deprived right of Access to the Court.

5. On 6/02/2017 – 7/26/2017 Plaintiff is deprived Gauranteed rights to counsel for 54 days.

6. Aug 20, 2017 Plaintiff motion to discharge counsel as lead is Never docketed. Right of Access is deprived by discrimination.

7. on Sept 05 2017 Plaintiff's Access to the court is deliberately Blocked by Judge Kenton - walker by discrimination.

8. on 9/25/2017 Plaintiff's motion to discharge counsel sent certified mail is not docketed. Right of Access to the Court and to be heard is Again Blocked by discrimination.

9. On OCT 20, 2017 Plaintiffs Access to the court is Blocked by discrimination.

10. On Oct 23, 2017 Plaintiff is Attempted to Be Given A 2 Year delayed 15(A) competence to stand trial under Pre-text to silence Pro-SE representation... Plaintiff is deprived standby.

11. On OCT. 28 Plaintiff writes worc clerks Office request copy of Pro-SE motions. Request ignored.

Also CD copy ORDER FORMS. Ignored.

## 234. CAUSATION

(C) There exists A causal Nexus Between Protected Activity of (A) and the Adverse Actions of (B) 1-10.

235. TEMPoral Proximity between (A) And (B) is 1-60 days

236. As Stated Above others similarly situated were treated more favorably And were not subjected to these Adverse Actions

237. DIRECT EVIDENCE in Exibits Gives strong inference to Causation. see, e.g. @ Ahern v. Shinseki, 629 F.3d 49, 58 (1st Cir 2010)

238. REQuest of Oct 28 for material is Directly related too, and needed for constitutional Defense (7 CD order forms of obstructed dates, All motions)

239. Plaintiff files ADA Damage claim in Worcester superior court on Nov. 29 2017 under 42 usc §§ 12132, 12203 for the systematic deprivation of fundimental rights under the sixth and fourteenth Amendment. Defendants Commonwealth of Massachusetts, Judge kenton-walker, Clerk magistrate McMannus, clerk Dempsey.

(a) Plaintiff was engaged in constitutionally Protected Activity under the ADA

(b) Plaintiff suffered an adverse action At the hands of the defendants.

(c) The Adverse Actions are causally related to the ADA Protected Activity.

ADVERSE ACTION

(1) Plaintiff hands were irrationally seized to his Body As Punishment (Proloned Restraint beyond transport)

(2) Deliberately denied imPartial Decision-maker. CONST. AMEND. 14

(3) Plaintiff was wilfully deprived request for His own Pro-SE motions Previously Docketed or undocketed in Pro-SE Folder

(4) HAND irrationally seized to body violates Access To courts.

## CAUSATION

240.   Plaintiff claims the exists A causal NEXUS between the Protected Activity And the Adverse Actions. see Burlington northern & santa fe rail co. V. white 548 us 53, 68 (2006)

## TEMPORAL PROXIMATY

241.  Temporal Proximity between Protected Activity And the Adverse Action is 11 days.

242.  Dec 5 2017 Plaintiff was Freed of his waist chains for court Appearance.

243.  Dec 14 2017 Plaintiff's hand Are irrationally seized to his Body At waist For Pro-SE motion Practice

244.  Plaintiff has recieved no disciplinary Behavior in the 11 days.

254. The Plaintiff claims he has set forth with specificity the elements for "cause of action" of An ADA damage claim under Anti-retaliation Provisions 42 USC § 12203 and the Burden of Proof that he must carry to succeed. see, e.g. @ Burlington Northern & Sante Fe Railway Co., v. White, 548 U.S. 53, 68 (2006); Sholtz v. City of Plantation fla., 344 F.3d 1161 (2003)

255. Plaintiff claims the defendants violated his Civil Rights under 42 USC § 12203, ~~CONST. AMDT. XL~~, 28 CFR § 35.134 42 USC § 12132, 42 USC § 1983; 14

# FIRST AMENDMENT RETALIATION

256. Plaintiff claims his Prima facie case contains sufficient factual matter accepted as true to state a First Amendment retaliation claim under 42 USC § 1983: CONST. AMEND. 1, 6

## STANDING

257  For Article III Standing Purposes, Plaintiff alleges personal injuries, distinct sixth Amendment intrusions, fairly traceable to the defendants conduct and likely to be redressed by the requested relief. U.S. C.'A. CONST. Art. 3, § 2, Cl. 1.

## RETALIATION

258. The Plaintiff was engaged in constitutional protected activity against the Trial courts of The commonwealth. 4:15cv40032 4:15cv 40031 et seq. ; (2) An Adverse Action was taken against the Plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; And (3) there is a causal connection between elements one and two — that is, the adverse action was motivated at least in Part by the Protected conduct.

# ADVERSE ACTION

259.   Defendant PSY. D. MEYER Purposely withheld vital medical records in the Plaintiff's § 15(b) criminal responsibility evaluation As a Political measure to gain control of a trial Process and chill or frustrate Plaintiff's first Amendment protected Activity. (against Trial Court of MA.)

(1) U-MASS neurology data (siezure)
(2) Arbour - HRI Hospital
(3) METRO-WEST medical center
(4) Harrington Memorial Hospital
(5) community Health Link

260.   Defendant PSY. D. MEYER Purposely misdiagnosed the Plaintiff ignoring known AXIS I MENTAL illness to Aid the commonwealth And Frustrate Plaintiff's first Amendment Protected Activity.

(1) Elevated suicide risk by diagnosis with trauma (2) Depression  (3) BiPolar disorder (4) Disruptive mood dysregulation disorder (5) Adjustment disorder with depression (6) P. T. S. D.  (7) As well As siezur d/o

261. Defendants McManus, Dempsey under the color of law purposely interfered with Plaintiff's access to the court, Sixth Amendment rights to counsel, compulsory process, and Fourteenth Amendment rights to be heard in defense, to punish for the exercise of First Amendment Activity against Freinds and Peers of Dudley District Court.

(1) Deliberately obstructed file ref Nbr. 15 by faxing to Clinton court, and deprive Plaintiff of seeking counsel, treatment for mental illness, and medical records.

(2) Deliberately Blocking or ignoring file ref Nbr. 16, 20, 21 to deprive same as (1). Also file ref # 26, 28

## CAUSATION

262. Plaintiff claims there exists a causal nexus between the constitutional Protected Activity and the adverse Action

(1) psy. D. Meyer's withholding of vital record are the exact records in which

give validity to the Plaintiff's Claims
in the Protected Activity

(2) Psy. D. Meyer's Concealment
of known diagnosises Are Psychological
impairments in which Are the ~~sy~~
Proximate cause of the Challenged
Conduct in the Protected Activity.

(3) Psy. D. Meyer's Purposeful misdiag-
nosis of the Plaintiff was But-for
Cause to Protect or Aid the defendants
in the Protected Activity And Chill
or Frustrate Protected Activity.
Absent the Protected Activity none
of the Adverse Action would have
occured.

(4) The temporal Proximity Between
the Protected Activity And the Adverse
Action is... Protected Activity was
Pending review on 1915(d)

(5) Psy. D. Meyer had Actual knowl-
ege of Protected Activity And was
deliberately untruthful in the
Plaintiff's statements in regard

to his Protected Activity As well
As the facts of the Protected Activity
Are misleading in her reports.

(6) Defendants McManus And Dempsey's
Are direct Actions in which impead
or Frustrate Compulsory Process
in the Gathering Facts And records
of the Protected Activity

(7) Defendants McManus And dempsey's
Action impeaded or directly Frust-
rated treatment For harm caused
by the Protected Activity.

263. Plaintiff claims none of McManus'
And Dempsey's Blocking of the Plaintiff sixth
Amendment rights would have occured in
Absence of the Protected Activity AGAinst
Freinds And Peers of the trial court.

264. Plaintiff claims he has set forth
with specifity the elements of A First Amendment
retaliation Claim and the Burden of Proof he
must carry to succeed.

# EQUAL PROTECTION

265.    Plaintiff claims his Prima-facie case contains sufficient factual matter, accepted as true, to state a claim for relief in which is Plausible on its face, the state officials violated the Plaintiff Rights to Equal Protection of the Laws, violating 42 USC §1983 ;1,14

STEP ONE.  To establish a Prima facie "strict scrutiny" claim, the Plaintiff claims:

(A) He was intentionally singled out from others who were similarly situated "in all relevant Aspects", and subjected to differential treatment.

(B) That such selective treatment was based on impermissible consideration (The intent to inhibit fundimental Rights ; intent to Punish the exercise of constitution Rights) (Disability)

266.    Plaintiff claims there are specific instances where Persons situated similarly "in all relevant aspects" were treated differently, instances which have the capacity to demonstrate the Plaintiff was "singled out for unlawful oppression". Dartmouth review v. Dartmouth Coil.

267-       Plaintiff has Direct written Evidence of desparate treatment (see Exibit). Albert Fulton 1485CR01284 in worcester Sup. on 6/03/2016 file ref Nbr. 12 Submitted A Pro-SE motion to dismiss counsel And for Appointment of new counsel. 3 days later file ref nbr. 13 worcester Superior court officials issued A habeas corpus returnable for 6/08/2016 for A hearing on that motion. Albert was heard within 5 days on his Substantive assertions with counsel. Fulton's motion was endorsed and allowed within 5 days. (file ref nbr 15) IN comparison Burnham's motion to discharge counsel of 7/02/2016 (file ref nbr. 28) is never given Process. EVER!

268-       Albert Hines similarly situated in All relevant aspects asked Burnham to write A motion for discharge of Jen saunders his Attorney from CPCS. writ-writer Burnham wrote A Pro-SE motion for Hines in oct 2016. worcester Superior issuis Habeas Corpus within days And Judge Kenton-walker Allows Hines to be heard on his substantive assertions And Allows motion promptly.

269.       Fulton on 11/21/2016 (file ref nbr. 23 of 1485CR01284) files A Pro-SE motion for county Jail transfer (with Articles in support) motion is Docketed by clerks office. IN comparison Burnham's Due Process, order to show cause of 10/26/17 Are "ignored" And undocketed. MOTIONS 10801, 17(a)(2) Are undocketed

-79-

270  On 12/12/2016 Fulton filed a motion to Dismiss Appointed Attorney And for the Appointment of New counsel (1485CR01284 file ref. Nbr. 24) on 12/30/2016 8 days later Worcester Superior court officials issue habeas corpus returnable for 12/30/2016 for hearing on Appointment of counsel. On 12/30/2016 Fulton was heard by Judge Kenton-Walker on Substantive Assertions with counsel. motion is Endorset Endorsed And Allowed. In comparison Burnham's motions Are Either undocketed [or] void Un-heard until a complaint is filed with CPCS.

271.    In April of 2017 Burnham wrote a Pro-SE motion to discharge counsel for David Perez. Worcester Superior Promptly Allows Perez to be heard. motion Allowed.

272.    In June-July 2017 Hines Again was having Problems with unloyal ineffective counsel. Hines filed Pro-SE motion to dismiss counsel. Judge Kenton-Walker In response to Hines Assertions that CPCS Are ineffective And he wishes to Pro-SE. Trial Judge Allows Process to Hines And Appoints Standby counsel. In comparison. Burnham's motions to Pro-SE Go unheard And undocketed in 2017. when the issue is forced in front of Judge Kenton-Walker. His motion to discharge counsel As lead of 9/25/17 sent certified mail is undocketed/unheard And standby counsel is denied. No counsel whatsoever for 54 days June 02 - July 26 2017

(8) Perez does not wait 56 days for a new counsel to be assigned while he is stuck on a 58(A) or high bail (I believe he was 58(A)), while the Plaintiff has to wait inordinate 56 days for his counsel.

273.   Here there exists no reasonably conceivable state of facts that could provide a rational basis in the disparity between procedures afforded to Fulton, Hines and Perez. And the grave unfairness imposed A upon Burnham's procedure [OR] lack thereof. (There is however the Federal lawsuits and free speech openly critical of the behavior of the court officials). As stated above I will plead different standards. I will return though to strict scrutiny were I beleave should be the review here.

→ 53 F.3d at 178

274.   Before [Esmail], equal protection theories in government context were predicated upon A selective enforcement rational where there is vindictiveness underlying the government conduct. [Esmail] heavily relied upon [Ciechon v. City of Chicago, 686 F.2d 511 (7th 1982)] as precedent for its central proposition. [Ciechon] reasoned that "Equal protection demands At A minimum that... [government] must apply it laws in A rational and nonarbitrary". Now Esmail is class of one. Ciechon is analogous here because because the defendants purposely and invidiously chose one of two similarly situated employees for punishment and misused otherwise

legitimate disciplinary Procedures. Id. 686 F.2d at 517

275. Here the trial Judge is Performing legitimate Procedures in hearing Pro-SE motion Practice of Hines, Burnham, and Fulton. Clerks official is Performing legitimate clerical duties Processing Pro-SE motions of Hines, Burnham, and Fulton. Only Burnham was selected and Both the trial Judge and Clerks office misused legitimate state Procedures to [P]unish or oppress Burnham "WITH AN EVIL EYE AND UNEQUAL HAND." see e.g. over 100 yrs AGO @ [Yick Wo V. Hopkins, 118 U.S. 356, 362-363 (1886)]

276. [Leclair V. Saunders, 627 F.2d 606, 609-610 (2nd cir. 1980)] where the court held that "singling out [an individual] for different treatment, PreJudicial treatment, constitutes a denial of EQual Protection of the laws". Leclair also observed that equal Protection may be violated when "unequal administration of a state statute shows intentional or Purposeful discrimination". Also upon "intent to Punish for inhibit the exercise of Constitutional Rights". Id. at 609-610.

277. unfortunately for this Petitioner Burnham the case in front You (whether Your the S.J.C., The United States, or A Jury) is much more complicated than a deliberate misuse of facially nuetual statute.

278.- Here the discriminatory Animus or ill-will is "inextricably intertwined" with the Petitioner federal lawsuit claiming trial court officials Prior to Arrest mocked the Plaintiff for his loss of major Bodily function By a southbridge Police holding cell video distributed to Dudley court official leading to emotional harm, self Physical harm, and the Arrest for the Charge in Question.

279.- State Governmental Power At the highest levels were involved in defending such accusations Against trial courts of the commonwealth.

280.- This Petition and Prima-facie case has facial Plausibility under standard of TWOMBLY, 550 U.S. 127 S.Ct. that Deputy Attorney General EARLY and STATE Attorney General MAURA Healy imposed direct Political Pressure to supress these true facts Above from media and the trial Process itself.

281.- When Petitioner began to complain About medical records not Appearing to be Presented to his evaluator in file ref Nbr 15 that voice needed to be inhibited for Political, social [OR] economic Gain.

282.- Wherefore Plaintiff was [O]PPressed Buried, Total denial of counsel, TOTAL DENIAL of treatment, And attacked by Jail officials until he withdrew 4-15cv40031.

283  Political Pressure from Powerfull state officials imposed upon the lower court officials has led to irrational decisions to eviscerate the State and federal constitutions. RIGHT of ACCESS

284    An example of abusive governmental conduct of local politicians appears in [Brewington v. Bedsole and Cumberland County, No. 91-120-Civ-3-H (E.D.N.C. June 4, 1993) (case settled for $300,000.00 following partial summary judgement for plaintiff)]

285    Brewington involved the termination of a deputy sheriff who had spoken critically of the Fayetteville, North Carolina, Police Department, an agency that has been plagued with endless troubles. After Brewingtons spoke at a press conference and after a city counsel meeting, a network of local politicos immediately went to work to extinguish Brewington's job. Leading the frenzy was a Fayetteville councilman, Tommy Bolton, stating, that he would "see to it that [expletive] Randy Brewington would have his [expletive] fired". The county commissioner asked Bolton about Brewington's freedom of speech and Bolton responded: "[expletive]…. it doesn't mean anything". This is what author J. Michael McGuinness [18 Campbell L. Rev. 333] means by a gross abuse of governmental power. Id 336, n.13

286    Here Burnham's voice next needed to be silenced. So a frenzy ensued to extinguish Burnham's right of access to have a voice over substantive assertions by fundementally "grave unfair" procedure singling out Petitioner to indefinate loss of liberty with out right of access to the courts. (Historical background of that voice will be detailed below) and the

287. THE MODEL JUDICIAL REASONING
by Nicole Richter VALParaiso University law.

Step one. Petitioner's (Plaintiff) Prima-facie
EQual Protection Claim has Above shown that:

(A) He was singled out (intentionally) from others
who were similarly situated; And
(B) He was singled "Solely" because of invidious
discrimination toward the Plaintiffs Protected
Class (Petition Clause, ADA Rights title II,
right of Access, free speech). And with
intent to inhibit [and] Punish for the
exercise of the Rights. Purposeful discrim-
ination, As well As ill-will, Bad faith.

288. Under Part (A) Plaintiff has identified A
comparison class in Fulton, Hines And David Perez
who were treated more favorably. Hines, Perez, Burnham,
Are identicle in All regards But Burnham has exercised
Petition clause and has been openly critical of trial
courts conduct.

Fulton

289. Under Part (B) The supreme court
has identified factors to determine intent or
motivation behind Government action [Arlington Heights
429 U.S. at 267]. Plaintiff will use these factors to
Show All inferences "flow rationally from the underlying
facts" and do "ascend to what common sense and human
experience indicates is An acceptable level of Probability."

## 2901.   HISTORICAL BACKGROUND

(1) Petitioner claims trial court employees and Police distributed a holding cell video of Petition in loss of bodily function and make fun-of fur 1 1/2 years until Petitioner flipped his lid and Burnt a Police car screaming civil Rights violators. (6/16/2015)

(2) Petitioner did file lawsuites Prior to Arrest

(3) Deputy Attorney General in motion Practice of April 2015 said Burnham could not Prove video exists and offers no evidence

(4) June 17 2015 a state 15(b) eval is withholding all data in which is supportive of Petioners claims.

(5) AUG - April 2016 Psy. D. for defense hides same data as state. Howe is also trial court evaluator.

(6) Petitioner is totally denied counsel and files motion to discharge. motion is Blocked, all Future motions are Blocked. Petitioner voices concerns over Compulsory Process and is ignored fur 2 years.

(7) Petitioner is Assinged Burke ex-Partner in law Practice with Judge and does nothing except Block.

(8) Petitioner discharges Burke and is not Given Counsel fur 54 days.

291.   INADEQUATE INVESTIGATION of the allegations surrounding the adverse action. Failing to discharge counsel ;[OR] review complaints of denial of Fair trial Suggests Arbitraryness [martinez v. El Paso, 710 F.2d(5thcir)]

# THE IMPACT OF THE OFFICIAL ACTION

292.   MR JUSTICE POWELL delivered the opinion of the court in ARLinGton HEIGhts held: " Determining whether invidious discriminatory Purpose was a motivating factor demands a sensitive inquiry into such Circumstantial and direct evidence of intent as may be available. THe impact of the official action - whether it 'bears more heavily on one race than Another'." Id. 429 US at 266

Here for Burnham the impact of the official Action is truely "GrAVE". On Nov. 2015 file ref #15 is faxed off And iGnored for 4 months. file ref # 16, 20, 21 Also iGnored. Plaintiff is forced to keep unloyal, unwilling, ineffective Counsel for 5 month without Any communication from counsel or court. forced to Proceed with missing medical records... 7/12/2016 AGain file ref # 28 motion to discharGe Counsel because still medical records vital to defense Are BeinG omitted. Motion is iGnored by the officials for 5months... motion for An Advocate to Get records of AuG. 2016 is undocketed... OCT 2016 motion for Due Process with order to Show Cause why I cant discharGe counsel is undocketed. From AuG 2015 - DeC 2016 [16 MONthS]

This Plaintiff never sees the inside of
A courtroom All while complaining there was
Constitutional error... 6/02/2017 And
6/27/2017 motion to self represent is
Ignored... 6/02/2017 - 7/26/2017 this
Plaintiff has no counsel what so EVA for
54 day And no decision made on self-
representation... motion to discharge
counsel As lead of Aug 20 is undocketed...
motion to discharge counsel As lead and
Pro-SE of 9/25/2017 sent certified
mail is undocketed... 9/05/2017 Access
to court is Blocked... 10/23/2017 standby
counsel is invidiously deprived.


   293.   This is A clear Pattern of
24 months worth of the same deprivation of
fundimental rights under state And Federal
Constitutions. All is unexplainable why only
Burnham is treated this way As direct Evidence
has been Presented Proving similarly Fulton
in 1485CR01284, Hines, and Perez were Given
Fair Procedure on their Access to the court At
identicle times And date within days on the same
exact issue. (counsel clause) The effect of this
action can is unexplainable other than Plaintiff's
Constitutionally Protected Activity, critical of the

conduct of the trial court officials in violating his civil Rights. Such A stark Patten cannot simply Be ignored or explained be Any legitimate Government objective. Id. Arlington, 429 US at 266 Quoting, Yick Wo V. Hopkins, 118 US 356, 30 L Ed 220, 6 S. Ct. 1064 (1886) Also 6omillion V. lightfoot, 364 US 339, 5 L Ed 2d 110, 81 S. Ct. 125 (1960)

294.   The impact of the official Action was yes Grave, but it "Bears more heavily on Burnhams Protected class" than others. Burnham was helpless to Assert his rights Guaranteed By the sixth Amendment. The Action [o] Pressed Burnham without A voice for 24 months on Preventive detention. Today Nov. 10 2017 Burnham is Pro-SE And Got his case file. Burnham's substantive Assertions that defense was withholding vital siezure records was correct. CPCS had the records Per signed Authorization of oct 05 2015 And requested by Social service Advocate at CPCS Brenda Pearlstein. CPCS wilfully withheld siezure data in which supported Burnham's Federal lawsuits against the trial courts of Dudley. Maura Tansley And John Roemer ~~Kept Absolved the by Absolved~~.

## THE SPECIFIC SEQUENCE OF EVENTS LEADING UP TO THE CHALLENGE DECISION

295. The lawsuits were filed Prior to deprivation of fundimental Rights. The facts within the lawsuits Are Bitterly Contested and Generated Substantial ill-will toward this Petitioner. All Challenged Actions Are decisions to thwart Petitioner's rights to access the court And Assert An interference with compulsory Process related to lawsuits And state of mind of the accused. The subsequent decisions to deny Petitioner Access to courts, Access to counsel, Gives strong inference the decisions were motivated by the ill-will of the lawsuits And ill-will towards Petitioner Asserting his rights.

## DEPATURES From NORMAL PROCEDURAL SEQUENCE OF THE COMMON-LAW

296. The officials Actions Are A Departure from legal Precedents And Practices of the common-law. IN commonwealth v. Rogers, 448 MASS at 545, the supreme Judicial court of massachusetts held motion to discharge counsel by A Pro-SE requires Judicial Action. Id. IN commonwealth v. moran, 388 MASS. 655

the court held "Judge must Permit a defendant to Advance his reasons for wanting to discharge his Attorney" by "hear[ing] defendant's offer of specifications"... IN FAretta V. California, THE Supreme Court held, it is essential to due Process of law in a fair adversarial Process that An Accused have the right "to be Present at All stages of the trial where his Absence might frustrate the fairness of the Proceedings. Quoting [Snyder V. massachusetts]... IN LAVALLEE V. Justices in the HAmpDEn Superior Court, the S.J.C. held "Proceedings in which a defendant cannot PARticipate meaningfully may not be Allowed to Proceed." Id. 442 mass at 246. Also holding A defendant Cannot Go without defense counsel Greater than 45 days... Federal Bail Reform Act of 1984, 18 USC Sec. 3141 And MASS. G.L. c. 276, 58(A) imposes Procedural sAfeGuards to Protect An idividual from erroneous dePrivation of liberty. (25 months on Preventive detention without Due Process of law).

297. HERE Such A wilful, wanton and reckless disreGard for the commonlaw is A clear dePARture from our Nations Histbry. leGal Prec-edents, And Practices is unexPlainable by Any LeGitamate Judicial objective. Thus Arbitrary And CaPricious. (Invidious Discrimination)

(15)                                                                                          86

298.     SUBJECT to the POSSIBLE LIMITATIONS of LEGISLATIVE (ABSOLUTE) IMMUNITY; In Nov 2016 when this Petitioner filed for the DUE Process hearing and Post deprivation remedy, with oder to show cause, declaration in support, memorandum of Law, the official desperate to keep oppressed the Now Accused learning law. Trial Judge Kenton-Walker used Her "sheild" of immunity And Protected the Clerk magistrate Mcmannus who had An Access to courts Claim filed against him by this Petitioner in JULY of 2016. 4=16-CV-40067 - 40000??.. So motion WAS returned to this Petitioner from Attest Clerk D. M. Stated "do not accept ex-Parte motion" Per Kenton-Walker. THIS ACT IS INTENTIONAL ABUSE of POWER.

299.      . PETITIONER note. While there is A Significant overlap between motive and intent for the Purpose of this analysis, this note does note mean to imply that the concepts are the same. BLACK'S LAW DICTIONARY 1034, 813 (7th ed. 1999) defines motive AS "something, especially a willful desire that leads one to Act." While it finds that "intent is the state of mind accompanying an act." It distinguishes motive from intent, stating "whereas motive is the inducement to do same act, intent is the mental resolution or determination to do it". Id. at 813.
(I INTEND TO NON-MATRIC @ CORNELL LAW and STUDY DISABILITY LAW and FIGHT for the DISABLED who CAN'T FIGHT FOR THEMSELVES) KELLY A mental Health wrkr Showed TONY ROBBINS video.

Robbins was Addressing the crowed on failure and the reasons for failure in life. No love, no money, no technology, no market, no support, he looked at Al Gore and said no SUPREME COURT. That was "funny" and Personal to me. I need the support of my DISTRICT COURT of MASSACHUSETTS because my state has treated me "irrationally."

STEP TWO (nt. I beleive I won. Rule 50)

300%.    . RATIONAL RELATIONSHIP between the DISPARATE TREATMENT and the OFFICIALS PURPOSE for such TREATMENT

(A) Identify the Government interest; and
(B) Examine whether the interest is rationally related to a legitimate Purpose. (note that Pro-SE is aware After Heller v. Doe government no longer has the burden of Presenting legitimate interest to the fact finder. Professor Saphire, supra note 63 at 612 n.95 found they Are not Precluded from doing so. Pro-SE believes thats "Class of one" im Strict scrutiny.) (Furthermore Burden-shift will be Argued 'retaliation')

301.        PART A.  Pro-SE Cant wrap his head Around All this with no legal training, this Petition is deep, Personal, and complex with layers of a bad onion. The State should have A strong interests in avoiding such reckless disregard for substantive Due Process.

The state Allowed this Petitioner to suffer in extreme opressive conditions no help whatso ever for harm caused by their reckless violation of title 11 ADA. file ref nbr 15 what interest was there to fax that off. or to not Answer Change of venue request. The subject matter of some of these motions warrented inquiry and A departure from Adversarial roles to ensure fair Process. BLACK'S LAW DICTIONARY 96 (5th ed. 1979) Arbitrary and caPricious is defined as "willful and unreasonable action without consideration or in disregard of Facts or without determining Principle"... HERE thats what happened from file ref nbr 15 to the last undocketed request for motion to STAY trial for 211 §3. A complete disregard of concerning curcumstances. see United states v. Carmack, 329 U.S. 230, 243 n.14 (1946) (Arbitrary is defined as "without adequate determining Principle... [or] fixed or arrived at through an exercise of will or by caprice, without consideration or adjustment with reference to Principles, circumstances, or significance... decisive but unreasoned...." Id.

HERE the was no consideration to the life they were harming, no Ajustment when that life learned law to defend himself, no reference to ~~broadbb~~ Principles as Petitioner brought concerns to notice.

302. The supreme court stated over 198 yrs ago that the core of due Process concept is Protection against Arbitrary action. The Principle and true meaning of the Phrase has never been more tersely or accurately stated than by MR Justice

..... MR JUSTICE JOHNSON. in Bank of Columbia V. Okely, 17 U.S. 235, 4 Wheat. 235 at 235 - 244, 4 L. Ed 55 (1819) " As to the words from Magna Charta, incorporated into the constitution of Maryland, after volumes spoken and written with a view to their exposition, the <u>good sense</u> of <u>mankind</u> has at last settled down to this: that they were intended to secure the individual from the arbitrary exercise of the powers of Government, unrestrained by the established principles of private right and distributive Justice"
... HERE AS this Pro-SE reads words written 198 Yrs OßO Ive become aware How Gravely un-fair IVE been treated in Worcester Massachusetts Superior court and shame on them... HERE The 1st Cir. must interevene to Protect established FEderal rights of due Process and to Protect this Petitioner future Federal rights As it is appears Prosecution by state officials is in "bad faith" And this Petitioner has been continuously blocked from raising his claims advanced in this Petition. Irrepairable unjust loss of liberty will result without intervention by 1st Cir. TODAY 9/04/17 I ASK the S. J. C. for A 211 § 3 to Bring Balance, with Rule of law.

       PART B.  STATE behavior is not related to Any laGitimate interest or Any laGitimate Purpose. Petitioner has derailed Younger abstention.

303-

Arthur Burnham   7/11/2017

Arthur Burnham 400 Faunce Corner road North Dartmouth m 02747-

304    THE SUPREME COURT has stated "Providing equal Justice is an age old Problem". Quoting the bible "Ye shall do no unrighteousness in Judgment: thou shalt not respect the Person of the Poor, nor honour the Person of the mighty: but in Righteousness shalt thou Judge thy neighbor" Leviticus, c 19, V. 15. Id. Griffin V. Illinois, 351 us at nt 10

305.    Here state officials irrationally and vindictively singled out the Petitioner to invidious Classification and discriminated Against But-for cause the exercise of Petition clause by deliberately Blocking right of Access to the Courts to discharge unloyal and ineffective counsel and Just forging ahead with deliberate indifference to Asserted rights, while affording others those same rights implicit in the concept of ordered liberty and Guarantees to fair Procedure.

306.    Such invidious discrimination and infringement on the Accused Rights to Present a defense based on impermissible consideration of fundimental Rights and intent to inhibit, has offended Equal Protection and is constitutionally unreasonable.

307.    Plaintiff claims the defendants violated his civil Rights under 42 usc § 1983 : 1,14 Equal Protection and Articles 1,10,12,16 of the Massachusetts Declaration of Rights.

# DUE PROCESS

308- The Plaintiff's Prima-facie case contains sufficient factual matter, accepted as true to state a substantive and procedural Due Process claim under 42 USC §1983 CONST. AMEND. 1, 4, 6, 14

309. IN A supreme court case WAshington V. Glucksberg the court began Analysis, as they do in All due process cases, by examining our Nation's history, legal traditions, and Practices. See, e.g. @ Casey, supra, at 849-850; Moore V. EAst Cleveland, 431 US 494, 503, 52 L Ed 2d 531, 97 S Ct 1932 (1977) (Plurality) (noting importance of "careful 'respect for the teachings of history'"

310. JUSTICE SOUTER in his opinion in Glucksberg:

"Our established method of substantive due process Analysis has two Primary features: First we have regularly observed that the Due Process clause specially Protects Those fundimental Rights and liberties which Are, ObJectively 'deeply rooted in this nation's history And tradition'... and

'implicit in the concept of ordered liberty'...
Second, we have required in substantive due
Process cases a 'careful description' of the
asserted fundimental liberty interest... our
Nations history, legal traditions, and
Practices thus Provide the 'crucial guide-
Posts for responsible decision making'...
that direct and restrain our exposition of
the due Process clause... Id. slip op at 15-19

311.   Here the governing Due Process
Priciples, the Primacy of the interest in liberty
which the state, by the fourteenth Amendment
is Bound to respect, is deeply rooted in our
Nations history, legal traditions, and
Practices.

## OBJECTIVE CONSIDERATIONS

Remove TAB Copy X3

a Person of life, liberty or Property... see.
2 & 3 Philip & Mary, Ch 10 (1555)

312. IN 1780 the Massachusetts
Declaration of Rights, Article XII, Provided that
that the Accused had a right to be heard "by
himself, or his Counsel, at his election".

313. The DUE Process Clause and
the confrontation clause of the Sixth Amendment,
as APPlied to the states via the fourteenth
Amendment, both Guarantee to a criminal
defendant the "right to Be Present at All
stages of the trial where his absence might
frustrate the fairness of the Proceedings."
Faretta V. California, 422 US at 819-836 (1975)
TEnnessEE V. LAne, 541 US at 523-24 (2004)

314. The DUE Process Clause Also
requires the states to afford certain civil
litigants a "meaningful opportunity to be heard"
by removing obstacles to their full Participation
in Judicial Proceedings. see LANE 541 US at 523

315. THE SUPREME COURT has
emphasized time and again that "the touch-
stone of due Process is Protection of the indiv-
idual against arbitrary action of Government"
[wolff v. McDonnell], whether the fault lies in a
denial of fundimental Procedural fairness[Fuentes
v. Shevin], or in the exercise of Power without
any reasonable Justification in the service of a
legitimate Governmental objective. [Daniels v. williams]

316.    ·· The very core of liberty secured by our Anglo-Saxon system of seperation of Powers has been freedom from indefinite imprisonment at will of the executive. BLACKSTONE stated this Principle clearly: ...... ..... To Bereave a man of life.... without Accusation or A trial, would be so Gross and notorious An act of despotism, as it must at once convey the Alarm of tyranny throughout the whole kindom. BUT CONFINEMENT OF THE PERSON BY SECRETIY HURRYING HIM TO GOAL, WHERE HIS SUFFERINGS ARE UNKNOWN OR FORGOTTEN; IS A LESS PUBLIC, a less striking, and therefore a more DANGEROUS ENGINE OF ABITRARY GOVERNMENT." ..., 1 W. Blackstone 131- 133 (1765) Id. HAMdi 542 U.S. at 555.

317.    ·. The Gist of Due Process Clause, as understood at the founding and since, was to force the government to follow those common-law Procedures traditionally deemed necessary before depriving a Person of life, liberty or Property.... e.g. 2 & 3 Philip & mary, ch 10 (1555).

318.    3 J. story, commentaries of the constitution of the united states § 1783, P. 661 (1833) The Due Process Clause "in effect affirms the right of trial according to the Process and Proceedings of the common law" Ibid.

319.    · T. COOLEY General Principles of constitutional law 224 (1880)..... there must be in every instance be Judicial Proceedings.... before An impartel tribunal... A conviction and Judgement Before the Punishment can be inflicted. S. J. C. I've Already been Punished And rehabilitated. myself. 27 months

# PRIVATE INTERESTS

## I.

320. ___ - Burnhams' Private interest affected by the official Action is the most elemental of liberty Interests — the interest of being free from Physical detention by ones own Government. [ Foucha V. Louisiana. 504 US, 112 S. Ct. ("freedom from bodily restraints has Always been at the core of Due Process liberty Protected by the Due Process Clause from Arbitrary Governmental Action") ]

## II.

321. ___ - Burnham had a Private interest in A Constitutional Guarantee to A fair trial whether rooted directly in the Due Process Clause itself of the fourteenth Amendment [ Chambers V. Mississippi, Supra. ] or in the Compulsory Process or Confrontation or counsel clauses of the Sixth Amendment [ Washington V. Texas, 388 U.S. ; Strickland V. Washington 466 U.S. ] the Constitution Guarantees Criminal defendants "a meaningful opportunity to Present A Complete defense." (1) An opportunity to be heard in his defense (2) a right to his day in court (3) The right to be represented by loyal counsel (4) the right to Present the defendants version of the facts as well as the Prosecutions to the Jury so it may determine where the truth lies. And (5) the right to A Speedy trial. [ United States V. Marion ; Barker V. Wingo ] These rights are fundemental elements of Due Process of law. [ Washington V. Texas, 388 US at 19 ] As well as (6) A First Amendment right of Access to Petition for New Counsel.

III.    [First Amendment]

322.      Burnham had a [Private interest] in the right
to be free from retaliation for using the court system
[ Sibbers-El V. Barbw. 412 F. 3d 693 (6th cir 2005) ; Also
Crawford-El V. Britton, 523 U.S. 118 S. Ct. (1988) ]. The
Supreme court has explained: "The reasons why such
retaliation offends the constitution is that it threatens
to inhibit exercise of the Protected right"... Id.

IV.

323.      Burnham had a statutory interest Protected
by the American with disability Act of 1990. 42 USC
§ 12101. And A statutory Right to be free from
retaliation for, discrimination, coercion, or interference
with this Petitioner in the free exercise or enjoyment of
rights Protected by this Chapter 42 USC § 12203.
[ United states V. Goergia - supreme court 2006 - ; Also
Burlington Northern & santa fe railway Co., V. white, 548
U.S. 53, 68 - supreme court 2006 - ]

V.

224.      Burnham had A Private interest Protected
directly by the fourteenth Amendment in its own force.
constitutional LAW § 525 Deprivation of liberty -
duty to Protect Persons in custody - The state by its
affirmative exercise of its Power restrained this Petitioners
liberty that it rendered Petitioner unable to care for his
his own General (mental Health) well-being; The state
out of Bitterly contested denial of any wrong doing or any
liability in 4:15cv 40031, State officials chose to interfere
fair determination for treatment And reasonable care

Allowing the Petitioner to stay in A Chronic state of Accute distress and major depression resulting in multiple suicide attempt and self mutilation. (over 100 stitches and ≤ 40 inches in lifetime scars) Also failing to Provide shelter free from retaliatory conduct by officials and reasonable safety from Punishment and ~~toxxu~~ torturous treatment. Also see constitutional law § 528.3 - due Process -- retarded Person -

## VI.

325.    Burnham had a Private interest in the **Fourth** Amendment no excessive **bodily restraint.** 2 years held w/out Bail on A single 58(A) w/out A hearing At 120 days.

## STATE INTERESTS

### I.

326.    State of massachusetts has An important vital interest in seeing its laws followed and Prosecuting the Plaintiff for the Alleged crime of setting A police car on fire screaming civil rights violators.

### II.

327.    State trial Judge Kenton-Walker stated or asserted An interest to the Petitioner on 12/21/16 that "we don't accept Pro-SE motions."

~~The specific sequence of events leading up to the Challenged decisions [village of Arlington Heights, 429 U.S. at 267]~~

328- In comm. v. Rogers, 448 mass. at 545 (2007) The Supreme Judicial court ruled "while other types of Pro-se motions by defendants who Are represented by Counsel ordinarily do not require Judicial Action, a motion to discharge counsel does". Id.

## SUBJECTIVE CONSIDERATIONS

329. A Subjective inquiry of the challenged executive Action reveals within trial text A stark Pattern of repeated Examples of state interference with the Plaintiffs fundimental Rights, based upon An impermissable consideration (fundimental rights class). The Plaintiff claims there exists no rational or reasonable explaination for such irrational, , vindictive, And differention treatment of the Plaintiff other than Punishment for the exercise of constitutionally Protected Rights.

330. The officials conduct of [A] busively exercising its sovereing Powers to interfere with first, sixth, and fourteenth Amendments Rights, Subjecting the Plaintiff to Grave Unfairness in Proceedure in A HALl of Justice is so egregious, so Outrageous it may be fairly said to shock the contempory conscience And does not comport with traditional ideas ~~of~~ ~~fair~~ ~~PlAY~~ ~~Good~~ ~~decent~~ ~~sense~~ ~~directed~~ ~~Justice.~~

of fair Play in our Adversarial Judicial System.

## STATE ACTIONS

331. Plaintiff Claims there are irrational Actions by the state court.

(1) selective treatment of Burnham in Access to court to discharge unloyal counsel. Access to court in Pro-SE motions. Fulton, Hines And Perez Are Allowed Access to have A Voice Either motion for counsel or Pro-SE Pleading. Burnham is IRRAtionalY selected to not be Able to be heard on his motions.

(2) state miniPulated Rule 36 (b)(2) on 7/19/2016 issued A 22 day continuance At exactly the 120 day statutory deadline of MGL c 276 58(a) to aviod saFeGuards on Preventive detention. 27 months of Preventive detention is Punishment before conviction.

(3) state used "absence" At All stages of trial Proceedings to thwart Burnham's right to be heard. 2½ YEArs ~~I've been to court~~

(4) State has intefered with the rights of the Accused to Present a defense in failing to Give Process on Counsel motions As well As Failure to Provide Now Pro-SE with his reQuest for copy of All motions, A Docket text, And 7 CD copy oRder Forms, And box ANY Pre-trial conference rePorts.

(5) State Now leaves ProlonGed Waist chains on Burnham As Punishment.

(6) State refuses to remove bias JudGes in the Presence of live controversy.

(7) State failed to Provide reasonable treatment for Suicidal behavior and servere depression. Irrationally AFter 20 months decides to order competency eval 15(G).

(8) State failed to Provide Guaranteed RiGht to Counsel for 54 days. June 2 - July 26, 2017.

332. After "careful description" of the asserted fundimental liberty interest, the character of the judicial action is not consistant with our traditions, precedents, and historical understanding of the constitution and its meaning. Id. Collins, 503 US at 126

333. The actions of the state officials took some degree of planning and were part of a causal chain of repeatedly blocking fundimental rights resulting in the undoubted loss of 26 months of liberty on a single preventive detention (58A). They also took place shortly there after the filing of federal lawsuits against the defendants.

334. THE SUPREME COURT has stated in Flores, 507 US. at 302, 123 LEd 2d 1, 113 S Ct 1439, " the fourteenth amendment forbids the government to infringe ... 'fundamental' liberty interests at all, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." Id.

335. It is clear above that an interest protected by the text of the constitution is implicated and there exists historical, textual, and controlling precedential support for [his alleged due process right].

~~of either the appointment of loyal and effect-~~
~~ive counsel for a fair procedure required~~
~~by Due process clause, to a legal decision~~
~~on 6/26/17 motion to self-representation.~~
~~Trial court out of ill-will and animosity~~
~~Chose to deliberately block right of access~~
~~on 7/14/2017, and 8/05/2017~~

336.   As stated above in Snyder
V. massachusetts.. The Supreme court held
that the Due Process Clause of the XIV   Amend-
ment Gives the Accused a right to be Present
at All Stages of the trial Proceeding where
fundimental fairness might be thwarted by his
Absence. Id 291 US at 106-108

Here in 1585CR0046 the Accused absence
has Contravened the fourteenth Amendment
throughout the trial text. on 7/12/2016
the Petitioner Pro-SE Motions to Discharge
Counsel And Appointment of New counsel. (file 28)
followed by undocketed motion for Advocate to
Protect Rights to fair trial. How After such
Colorable objections by the Accused Can A
Fair Hearing on Compliance be held on
8/11/2016 in the Absence of A defendant who
Claims his Compulsory Process, And rights to
effective Counsel Are Being Violated. How can

the court forge ahead with trial Assignment Conference on 10/07/2016 in Absence of A defendant without Aknowlegement of his Substantive assertions [or] resolution of A motion to discharge unloyal counsel And the Appointment of New counsel.

337   The Snyder court brought to An inquiry as to the relationship between the defendant's Presence at a view and the fundimental Justice assured to him by the constitution of the UNITED STATES. Holding " The fourteenth Amendment does not assure to A defendant the Privilege to be Present at such a time. There was nothing he could do if he were there, and Almost nothing he could Gain". Id 291 US at 108

IN the case At Bar the trial court deliberately used "Absence" to silence the Politically Active Accused And to thwart his rights to be heard on denial of sixth Amendment rights to effective counsel And true compulsory Process. IF the Accused was Presence he could have Gained his Guaranteed rights to loyal And effective counsel. Gained his Guaranteed right to Be heard in his defense. This was A wilful Act to use "Absence" to Gain Political control over the trial. [STAR Chamber] These Acts repeat for the Next 15 months.

339. Under commonwealt v Rogers Defense Counsel's Authority to make decisions on behalf defendant is: suspended pending resolution of that motion. Also see commonwealth v. moran on a "Fair Hearing". Amid All the Controversy. lawsuits in the same court. Decision-maker required ~~extra~~ caution. A "Detachment"

I recently read A law review (Pepperdine) THE RULE OF LAW FOR JUDGES, 30 Pepp. L. Rev. 1 (2003) Author Thomas M. Reavley opening Paragraph

" Judge Learned HAND told of A time when He bid goodbye to Justice Oliver Wendell Holmes by saying: ' DO JUSTICE.' To this Holmes replied that his job was to do the law and not Justice." Quoting LEARNED HAND, A PERSONAL CONFESSION, IN THE SPIRIT OF LIBERTY 302. 306-07

Here Burnham is on Preventive Detention AS LEGitimate regulatory measure MASS. G. L. 276 58 (G) (7/23/2015 file ref 4 endorsed on 8/21/2015), morris was Appointed on 3/21/2016. Now 120 days From morris' Appointment was ° 7/19/2016.

Trial text clearly shows no Habeas corpus was ever issued for the defendant on any hearing on this Preventive Detention. Why. Because there was no intention by All involved to "do the law" Intent here was to "do Justice" And Punish Burnham For Filing lawsuits on their Freinds And to Punish For Burnham "lack of good Judement" to throw his life By Burning A Police car. "impermissable Punishment" before A Conviction under Pretext of 36(b)(2)

340. On 7/12/2016 counsel was suspended. file ref Nbr 28 7/19/2016 At 120 day 58(a). A squalid 2 week meaningless Continuance was Jointly done to eviscerate the "explicit Language" of Mass G.L. c 276 58(a) And ignore[or] tamper with Clear expression of legislative intent. Explicit Language of Both 276 58(a), and Bail reform Act of 1984 (18 USCS §§ 3141 et seq) unambiguously manifests a legislative intent of Permissible regulation. The majority in United States v. Salerno find "Congress did not formulate the Pretrial Provisions as Punishment for Dangerous individuals." Id. 481 US at 759. Massachusetts G.L. c 276 58(a) Also has Explicit Language of legislative intent. "A Person detained under

This subsection shall be brought to trial AS Soon AS ~~Possible~~ reasonably Possible, but in absence of good cause, the Person so held shall not be detained for A Period exceeding 120 days excluding Any Period of delay as defined in Mass. R. Crim. P. 36 (b)(2)." Here the "Escape Clause" But required decission maker to use "Subjective Judgement" in the determination of future Dangerous (Another Hearing), secure Presence at trial by setting Bail to Protect liberty. Even good Judgement under RULE 10 (g)(1) Based upon cause for A Puposeless 2week continuance on Compliance at exactly the 120 mark? Please. THEY IGnored And TAMPERED with the Explicit LANGUAGE. IGnored Rule 18(a), Ignored Common law with All the lawsuits, All motions Pending, Change of Venue, motion To Dismiss Counsel APPoINT New Counsel. AT This Point Gross [A]buse of Power for Personal "Justice" has crossed the Boundary into impermissible Punishment before trial. The result is 18 more months of Preventive Detention. unconstitutional Punishment under Pre-textual Flag of rule 36(b)(2)... The state is not Free to interfere with this Aspect of liberty no matter what Procedures Are Placed upon this. This is not Normal or rational with All live controversy.

341. The supreme court held in mathews v. Eldridge The "Right to be heard before being condemned to suffer grievous loss of any kind"...." is a basic Principle to our society". Id. 424 US at 333. In FUENTES v. Shevin " For more than a century the central meaning of Procedural Due Process has been clear: ' PARties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right first they must be notified.'" Id. 407 US at 80,..... " For when a Person has an opportunity to speak up in his own defense, and when the state must listen to what he has to say, substantively unfair and simply mistaken deprivations of Property interests can be Prevented. It has long been recognized that " FAIRness' can rarely be obtained by secret, one-sided determination of facts decisive of rights'."....

Here as I read FUENTES, it is I whom is in "shock" to learn At the Absolute Guarantee may not be erroded. It matters not if I was claiming error on PARt of officials (on motions). what "shocks the conscience" is Decision-maker, Prosecutor, and defense counsel chose to Ignore

or tamper with legislative intent to silence the vioce (motions) And bereave Burnham to goal as oppression without safeguards clearly expressed in the mandatory language in mass. G.L. c 276 58(a) as well as Bail reform act of 1984.

"If the right to notice and a hearing is to serve Its full purpose, then, it is clear that it must be granted at a time at a time when the depriv-ation can still be prevented".... "no damage award can undo the fact that the arbitrary taking that was subject to right of procedural due process has already occurred. 'This court has not... embraced the general proposition that a wrong may be done if it can be undone'." This is no new principle of constitutional law

Here pro-se is aware the state is going to hide the obvious error in judgement. It matters not to this student of law. LAWSUITE AGAINST SAME COURT. IGNORE REQUEST FOR IMPARTIAL VENUE. IGNORE REQUEST FOR EFFECTIVE COUNSEL. ABSENCE TO THAWT OR SILENCE BEREAVE TO GOAL TO BE FORGOTTEN A DANGEROUS ENGINE - ARBITRARY Government

342. So AFter being Aware motion For new counsel was ignored. A continuance without my Presence to speak of MISSING Records. (note it was not just the siezure records I keep Bringing Focus on. Much more) Evaluations have wilfully omitted diagnosis' within days of operitive event to include: PTSD, Elevated Suicide Risk by diagnosis with trauma, Adjustment disorder, depression, Bipolar disorder (depression) disruptive mood dysregulation disorder,

NOW Explain to this Pro-SE How All the forementioned were New diagnosis' 20-90 day Before the operative Event in Question to be Evaluated For, can reasonably be omitted From Both State 15(b), AND for Defense Same?? But Being A Pill Head in 2010 is Discovered. The only Reasonably conceivable explain-ation is the constitutionally Protected Activity. (Also He's Homeless)

343. Did the Accused not have A Guarant-eed Sixth and fourteenth Amendment right to Produce those Proofs. To Be heard defense and state evals. were Both missing And his counsel was not

1

Searching for truth. DID I NOT have rights by
massachusetts Declaration of right to, Fight For
EQuality of rights And liberty under Articles
1, 10, 11, 12, 14, 26.

HOW THEN is two Pro-SE motions
subsequently not Docketed with clear
expression For Advocacy to Protect Rights
under the ADA, And REQuest For A
DUE Process Hearing to FiX Error of A
miscarriage of Justice. (new counsel)
BUT THE SAME COURT irrationally
Dockets Albert Fulton's Pro-SE motions
for A county JAil transfere "with Articles"
in which He HAS NO RIGHT TO A
TRANSFERE. 1485cr01284 file ref.6.23.27

## ARBITRARY and CAPRICIOUS [O]PPRESSION

How can Any reasonable trial Judge
state to An Accused "this is Your vioce"
And Point to his defense Attorney, when
such trial Judge with Actual knowlege
ingnored the forementioned voice.

BY not "DOING the LAW" But "Personal Justice"
" conflicts must be settled by rules rather than
by unpredictable decree of official or Judges."

344. WE Are told WE Are A NATioN "of Laws and not of men" (MASS. CONST. of 1780 Pt. 1, Article 30). John ADAMS' expression WAS repeated by the Supreme COURT in MARBURY V. madison, 5 U.S. (2 cranch) 137, 163 (1803)

In the case At Bar the trial text clearly reflect error in Judicial Appliration of the common LAW in stare decisis meaning "to stand by things Decided". The court must abide by former Judicial decisions of commonwealth V. Rogers and commonwealth V. moran

345. This is where Pro-SE student is confused. I've read Rogers 50 times. How can All those motions For new counsel Go ignored? And then in late 2017 they stoped Docketing Pro-SE Discharge of counsel. When 54 day with no counsel then Levinson From July 31, 2017 — OCT. 10, 2017 would not Provide me my own Docket text. Now if Justice O'connor and Souter Addressed stare decisis in refusing to overrule Roe V. wade in their opinion in Planned PArenthood V. casey, where they said respect for Precedent is

indispensable...." Indeed the very concept of rule of law underlying our constitution requires such continuity overtime that respect for precedent is, by definition, indispensable". Id. 505 US at 854-55

So to me AS I learn all this and apply to the case at Bar im in "AWE". what force would be so great to influence a superior court entire body to depart from precedent. I realize these acts were person animosity toward me as ive been singled out over "rhetoric" to advance [o]ne sided determination of facts decisive of rights. For all to produce and HIGHLIGHT statements made, as true meaning in evaluations: kill court personel, Judges, revenge on Federal Government and omitt, records of true personal Distress and humiliction caused by servere misconduct of those same officials resulting in, Depression, Loss of loved ones, surcide thought content servere self harm. All for personal gain. And political control of the Adersarial System. (Anglo - American)

346.   I clearly understand the Founders intent when they framed the sixth amendment. Right to loyal counsel, All Proofs Favorable. And of course the All mighty Fourteenth Amendment ; NO PUNISHMENT UNTIL CONVICTION, and adequate fact finding in front of A NUETRAL and DETACHED JUDGE in the first instance of controversy

well it does'nt matter if said I was going to "Time warp" Back to YEAR Zero And KILL JESUS CHrist in his manger. I was entitled to have a voice in my defense that "The statement is taking out of text" and thats not the whole story. I WAS ENTITled to be heard on Breakdown in communication with defense counsel. I WAS ENTITled to be Present to object to going forward with counsel and defense strategy. I WAS ENTITled to FAIR Hearing on the forementioned, as well as FAIR Hearing on change of venue, right to Bail "liberty until CONVICTION"

347.   DUE Process clause Garantees the "Feeling of Just treatment" by the Government. Clearly this has been denied. (Anti-FASCist comm.)

347. The constitutional right to be heard is a "Basic" aspect of the Duty of the Government to make responsible Decisions in conformity with our Nations history, Legal Precedents, and Practices.

Here decision-maker chose to not follow a fair process out of personal, economic and social gain was Gross [A]buse of Governmental Power to be oppressive as "Punishment" for filing lawsuits. (it matters not how stupid those original pleadings were) The 27 months of loss of liberty without Due Process. (with out effective counsel at that) This cant be fixed by now placing a Bail on the defendant. The opportunity to "keep" Petitioner whole has Passed (squandered). It is now time to "make" this Petitioner whole by "Doing the law".

Petition should be Granted. If sixth Amendment are implicated Federalism should not be affended

Signed under penalty of perjury above is true
Arthur Bohan

348.   Justice O'conner in Hamdi V. Rumsfeld held "... as critical as the Governments interest may be in detaining those.... history and common sense teach us that an unchecked system of detention carries the Potential to become a means for oppression and Abuses of others...." Id 124 s.ct. at 2647 Quoting Ex Parte milligan, 4 Wall., at 125 ("[m]ere Public intolerance or Animosity cannot constitutionally Justify the deprivation of A Persons Physical liberty.")

Here Burnham exercise of Petition Clause And ADA damage claims 4:16cv 40061, 4:16cv 40067, 1:17cv 10396, have Generated So much "Animosity" High ranking officials Chose to Abuse Power and employ An unchecked system of Preventive detention As A means of oppression. The Curtailment of liberty is Great And had A serious consequence to this Petitioner's well-being. The Grave unfairness Here is to Bereave to Goal without A voice or Presence to be heard. without Communication with counsel

SIMPLY PUT THIS WAS UNFAIR PROCEDURE

Substantive Due Process improper motive/Arbitrary

349. The Supreme court has said Government might transgress constitution limitations if it exercised its sovereign powers so as to hamper a criminal defendants Preperation for trial [U.S. v. Marion]

350. In Williams Petitioner. 378 Mass 623 the Justice Kaplan stated "Any significant delay coming to the attention of a court should pose not only the Question of how it may be cut, but also a Question of whether the Appelant may not deserve additional remedy" Id. at 627

Here Burnham is Pre-trial on A 58(a) And Delay is the dilatory tactic employed for the entire trial text. on June 2 Burnham states the S.J.C. stated "I cant be without counsel for 14 days [I misspoke it 45 days], And Im still on A danberous 58(a)". The court deliberately delayed 54 days the Appointment of counsel.

In Williams S.J.C. also acknowleged "specific circumstances such as deliberate blocking of rights or inordinate and Prejudicial delay without defendants consent, may rise to the level of constitutional error" (infrinbment of Due Process or, Possibly Equal Protection) file ref #15 (4 month delay), file 16, 19, 20. (Blocked), file ref 28 ect-ect. Id. at 626 ("Delay may work a irremediable unjust loss of liberty"..... "Delay may entail anxiety"... "among other conceivable nJuries"). Here As a Pretrial detainee the loss of liberty is great. 27 month on A 58(a) Due to dilatoriness by state officials. Dismissal is the only remedy.

351.    In the case at bar the Petitioner's Prima facie case has sufficient evidence from which a trier of fact could reasonably conclude that State trial court officials had improperly interfered with this Petitioner's rights to be heard in his defense, a right to his day in court, rights to counsel, rights to compulsory process, rights to present a defense, the right to present the defendants version of the facts, and the right to Bail. Such interference would violate substantive Due Process if deprived of these interest "in Arbitrary fashion". Here Petitioner claims he was deprived these rights because of pecuniary interest in avoiding Burnhams substantive assertions giving weight to his federal Civil Rights Claims (nexus will be Discussed below).

352     In [Bello v. Walker, 840 F.2d 1124 (3rd cir 1988)]. The court explained that if a Plaintiff presented sufficient evidence from which a trier of fact could reasonably conclude that the municipality had improperly interfered with the Permit Process, and that they did so for Partisan Political or Personal reasons unrelated to the merits of the Permit Application. The court in Bello characterized [Scott v. Greenville County, 716 F.2d 1409 (4th cir 1983)], involving "interference [which was] motivated by a lack of impartiality towards" a developer constituting a sufficient improper or "bad faith" motive on which to premise a substantive due Process challenge. Bello explained that "the deliberate and Arbitrary Abuse of

Government Power violates an individual's right to Substantive due Process". Id.

353'

Here Burnham has Presented evidence given inference that he was singled out for irrational selective treatment in Pro-Se motion Practice As Fulton, Hines' motions was Promptly heard by trial Judge Kenton Walker And was wrote by Burnham.... In [Bateson V. Geisse, 857 F.2d 1300 (9th cir. 1988] the ninth circuit observed that "arbitrary administration of the local regulations, which singles out one individual to be treated discriminatory, Amants to a violation of that individual's Substantive due Process rights". Id. at 1303. see also

354.  [Benigni V. City of Hemet, 868 F.2d 307, 312 (9th cir. 1989]

- Here Burnham was singled out For oppessive conduct And subjected to Abuse of discretion in his motions to discharge counsel while Hines, Fulton was Promptly given Due diligence. Burnham was selectively treated ~~this~~ irrationally, As An Arbitrary ~~& Political~~ measure taken against A Politically unPopular target in his opposition to Acts violating the ADA And civil rights Act. Negative Attitudes towards fundimental Rights Class are rePugnant to constitutional Guarantees As well As statutory Guaranties 42 USC § 12203. see e.g. @ [marks V. City of chesaPeake, 883 F.2d at 311].... marks court observed that such conduct "violates the constitution even where no recognized class based ~~or invidious~~ invidious discrimination was involved". Id. (quoting [cordeco Dev. CorP. V. Vasquez, 539 F.2d 256, 260 (1st cir 1976]

355.    - Petitioner In this Petition does Claim he was irrationally singled out to vindictive treatment and selective treatment in motion Practice, in Appointment of counsel's, selected Evaluators, selective Prosecution, all based on impermissable consideration fundimental rights, right of access, and disability. The Goal here by these Bitter state officials is to Punish this Petitioner for opposing a civil Rights violation by ~~bobxex bisabled~~ court employees, to cover up liability and hide obvious siezure data, and any reference to siezure and dudley district court. To hide Plaintiffs distress, and depression over the incident and label ~~Exx~~ all 14 Drug and HOMELESS Problem. To confine the Petitioner to deplorable conditions and Attack the Petitioners mental Health to Promote volition. To Bereave Burnham to Goal with no treatment, Prolonged Pre-trial confinement to a less Public Setting. Basically Everything Blackstone calls a Dangerous engine of Arbitrary Government.

356.     Petitioner Claims Worcester Superior Court officials and Private defense x3 have violated his civil Rights in his trial Process under const. Amend. 1, 6, 4, 14 to Procedural and substantive Due Process.

Under 42 USC § 1983 : 1, 4, 6, 14

# SPEEDY TRIAL

357b **§39, ¶21¢** In COMMONWEALTH V. SWENSON 368,MASS 268"Inordinate and prejudicial delay withouth a defendants consent may rise to the level of constitutional error" Also SEE COMMONWEALTH V. WEICHEL 403 MASS 103; WILLIAMS, PETITIONER 378 MASS 623.

**§35, ¶2¢.** File ref. nbr 15 is direct written evidence going back 16 months the accused did not consent to any delay of trial proceedings. Here trial record as well as exibits clearly gives inference to inordinate prejudicial delay and impairments of speedy trial safe guards.

**§36, ¶23.** SUPREME COURT states in UNITED STATES V. MARION 404 U.S. at 332 "[T]he right to a speedy trial is necessarily relative. It is consistent with delays and depends on circumstances"BEAVERS V. HAUBERT, 198 U.S. 77, 198 U.S. 87 •1905•"but it is precisely because this right is relative that we should draw the line so as not to condone illegitamte delays." ID 404 U.S. at 334. MR JUSTICE BRENNANS' opinion "when is government delay reasonable? Clearly a deliberate attempt by government to use delay to harm the accused or governmental delay that is purposeful or oppressive is unjustifiable"... The justice goes on to state his "concern to prevent deliberate misuse of the criminal process by officials."

**§37, ¶24.** In the case at bar the petitioner has deliberately suffered a servere prejudice to include, undue, and oppressive incarceration prior to trial. THe commonwealth has intentionally and in retaliation or obstruction of justice failed to provide reasonable accomadation access to program [P]rogram the Bridgewater State Hospital for the [b]enifit of mental health treatment instead chose denial of liability in 4:15-CV-40031, 4:16-CV-40061 in federal court. Here Burnham has suffered terrible oppressive conditions with extreme prejudicial effect from servere deliberate invidious infliction of psychological pain as punishment for filing lawsuitsagainst peers and friends of Dudley District Court. such impairments of speedy traal safe guards (self-mutilation, 60 plus stitches, over 30inches of servere lifetime scars, and the impairment of a proper criminal responsibility evaluation) occurred in over 20 months of unnecessary pretrial confinement.

**§38, ¶25.** CHIEF JUSTICE BURGERS" opinions in DICKEY V. FLORIDA 398 U.S. at 42 states "somedefenses such as insanity are likely t-o become more difficult to sustain *[P]assage of time makes difficult proof of any fact more difficult. When the FACT at issu-e is subtle as a mental state, the difficulty is immeasurabley enhanced.'" Quoting EWELL, SUPRA, at 383 U.S. 120. Here Burnham has suffered a servere prejudice. The D. A. Evaluation Still is not complete.

**§39, ¶26.** In the case at bar the petitioner claims the commonwealth as wellas defense counsel have used delay without consent to harm the petitioner to be purposeful and oppressive in a deliberate misuse of the criminal process.

**§40, ¶27.** BARKER V. WINGO, 407 U.S. 514(1972) "In such a case

a deliberate attempt to delay trial in order to hamper the defense should weight heavily against the Government." ID at 531. In Dickey v. Florida, 398 U.S. at 43, the court held that "Deliberate Governmental delay in hope of obtaining an advantage over the accused is not unknown. In Such circumstances, the fair administration of Criminal Justice is imperiled. The speedy trial clause then serves the Public interest by penalizing official abuse of the criminal Process and discouraging official lawlessness." Quoting, United States v. Provoo, 17 F.R.D. 183 (D.C. Md.) "Thus the Guarantee Protects are common interest that the government Prosecute, not PERSECUTE, those it accuses of crimes"

358.   Here in the case At bar the Petitioner was serverelly Persecuted. He was Abused in Pretrial confinement by former trial court evaluator P.S.Y.D. Brasier And staff, As well As cpt. Giles. High ranking officials at Jail for having allegedly Burned a Police car. But also for having filed Federal lawsuites against freinds and former colleagues at the trial courts. He suffered abuse from trial court officials as well as total denial of counsel from defense. Denial of Due Process by the entire Judiciary. suffered ridicule, And invidious discrimination, desperate treatment/hostile enviroment from the entire Bar of Justice. All in willful, wanton and reckless disregard of federal law and in reckless disregard of his civil rights under the Amercran with disabilities Act, And the fourteenth Amendment to the United States constitution. (42 U.S.C. §12132 const. Amend. 14) All Attempt by Petitioner to remedy were simply "ignored."

359. Pro-se Plaintiff has Identified four factors the court should assess in determining whether Plaintiff has been deprived his rights. Quoting Barker v. Wingo, 407 US at 530

(1) LENGTH OF DELEY
(2) THE REASON FOR DELEY
(3) The DEFENDANT ASSERTING HIS RIGHTS
(4) PREJUDICE TO THE DEFENDANT

359.          LENGTH OF DELEY

"The length of delay is some-extent the triggering mechanism" Id.

Here the length of delay is 30 months All while on A single Preventive detention without Procedural safeguards. First Prejudicial delay was file ref #15, Nov. 12, 2015 (4 month delay)

360.          REASON FOR DELEY

Reason for the litany of delay Are readily Identifiable. All Give inference to

A systematic Blocking of court access by discrimination. Part Punishment, Part to silence the Accused And Gain Political control over A Public trial And A [o]ne sided determination of facts decisive of rights.

(1) Block Plaintiff's Access to counsel
(2) Infleunce counsel to hide medical data.
(3) Hide need for mental Health treatment.
(4) use "Absence" to thwart Plaintiff's voice And concerns Above.
(5) District Attorney's Evaluation was sloth-like And still not complete.
(6) Ignore multiple motions for new counsel To Fix Above deprivations.
(7) Blame delay on the Accused And use MASS R-Crim. P. 36 (b)(2) under Pre-text
(8) INEFFective unloyal counsel Assisting commonwealth with delay to be [o]ppressive As Punishment.
(9) 54 day without ANY counsel
(10) Now interfering with Pro-se defense by not Providing with request For copy of Pro-se motions, Pre-trial conference reports, request for CD Audio of obstructed court dates.

- 129 -

5

# DEFENDANT ASSERTING HIS RIGHTS

361.   This defendant has asserted his rights to deaf ears. Nov. 12, 2015 this Plaintiff was on suicide watch. I would done just about anything for pre-trial confinement to be over. Just hurry up and condemn me. file ref # 15 clearly shows Plaintiff was very upset with delay of trial.

362.   All the other blocked or undocketed motion show continuous pattern of Plaintiff asserting his rights. It is precisely this assertion of fundimental rights that invidiously motivated irrational and arbitrary conduct of "state action".

# PREJUDICE

363.   Prejudice is probably the worst injury here.

(1) 28 months of [o]ppressive preventive detention. Irre pairable unjust loss of "liberty" ( MGL c 276 58(a)  28 months)

(2) Helpless to assert a need for mental health treatment. ( 140+ stitches, 40" of life time scars) Terrible suffering.

(3) Helpless to defend myself And be Able to communicate with counsel or to Produce Proofs FAvorable to my defense. (medical data omitted).

(4) Passage of time has impaired The Accused LACK OF criminal responsibility defense. How Am I to be evaluated Now? Ive turned into A civil Rights Pro-SE its been So loNG.

CHIEF JUSTICE BURGER's opinions IN Dickey V. Florida SAYS that is A Prejudice. Id. 398 US at 42

364.    Plaintiff Claims he has been deprived his constitutional Right to A speedy TriAl violating his civil Rights under 42 USC § 1983 CONST. AMEND. 6, 14 (sec 10 Art. 1)

365.    Plaintiff claims he has been deprived his Rights under mAssAchusetts Rule 36 b to A trial by 12 months. They is No Good Cause For this. MGL c 276 58(a) is Explicit LanGuage... "DUE Diligence"

366. .    The first Circuit thought a delay of nine months overly long, absent a good reason. (The D.A's Criminal responsibility Eval has Taking longer)
see United States V. Butler, 426 F. 2d 1275, 1277 (1970)

367. _    , The Second Circuit Rule 2. Rule 4: "In All Cases the Government must be ready for trial within six months of Arrest"

368. -    Massachusetts Article XI of the Declaration of rights states 12 months.

369.  '    Barker v. Wingo, 407 U.S. at 522: " The amorphous Quality of the right also leads to the unsatisfactorily servere remedy of dismisal of the indicment when right is deprived...... such a remedy is more serious than an exclusionary rule or a reversal for a new trial but it is the only Possible remedy"

370. :'    , Smith v. Hooey, 393 U.S. at [Footnote 5]: "Those righs, fundamental in their nature, which have Been guaranteed by the Bill of Rights cannot be subject of a Judicial discretion. Judicial descretion is a legal descretion: A legal discretion to be exercised in conformity to the Constitution and the laws of the land".

~~371.~~ :'    L PEtitioner moves for dismissal of indictment 1585CR00462 for failure to [satisfy] Federal Rights to due Process of law and to A SPEEDY TRIAL.

- 132 -

~~there may be only one remedy's the petitioner claims dismissal of the indictment with prejudice should be the remedy~~

## ARGUMENT #6 INEFFECTIVE ASSISTANCE OF COUNSEL

371.

In **STRICKLAND V. WASHINGTON, 466 U.S. 668, 104 S.CT. 2052(1984)** The Supreme Court has recognized that the Sixth Amendment right to counsel exits, and is needed, in order to protect the fundamental right to a fair trial. The constitution guarantees a fair trial through the due process clauses ID 466 U.S. at 685 it defines the basic elements of a fair trial largely through the several provisions to the sixth amendment, including the Counsel Clause. **POWELL V. ALABAMA 287 U.S. 45, 53 S.CT. 55, 77 l.ed. 158(1932).** Thus, a fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding. The right to counsel plays a crucial role in the adversarial system imbodied in the Sixth AMENDMENT, since accesss to counsels skill and knowledge is necessary to accord defendants v "ample opportunity to meet the case of the prosecution" to which they are entitled. **ADAMS V. UNITED STATES EX REL. MCBNNN, 317 U.S. 269, 275, 276, 63 S.CT. 236, 240, 871.ed.268(1948)**

372.

Here in the case at bar a fairtrial has been denied by a litany of issuess to include defense counsel and government deliberately ommitted evidence to be subjected to adversarial testing period. This willfull,wanton, and reckless act by **State ETAL.** has deprived the accused "ample opportunity to meet the case of the prosecution" to which he is intitled, impairing the ability of the adversarial system to produce a just result. This casts the commonwealth and defense counsel in the role of an architect of an unfair trial. const. amend.6.14.

**STRICKLAND 466 U.S. at 686** further states government violates the right to effective assistance of counsel when it interferes in certain ways with the ability of counsel to make independant decisionsabout how to conduct defense.

Here the commonwealth' reckless and willfull interfere-nce with petitioners due process ~~in paragraphs 24,25,26,27,30,31,33,35,37,43,45,47,53,57,56,59,61,62,63,64,67,71,73,75,76,78,79, 82,83,86,91,92,93,94, has completely~~ interferred or coerced defense counsels ability to make independent decisions about how to conduct defense. ~~As well as paragraphs 95 — 105~~

Defense counsels failure to avoid actual confict of interest in PSY.D. Howe(A mass trial court employee) inconducting the criminal responsibility of the petitioner who has federal lawsuits against mass trial courts pertaining to the FACTS at issue has adversely affected counsels performance, regardless of motive or intent to influence federal judicial proceedings, a conflict clearly exits and has severely prejudiced defense. Therefore rendering counsels assistance ineffective. **CUYLER V. SULLIVAN, 446 U.S.at 344, 100 S.CT. at 1716. ID. AT 345-350, 100 S.CT. at 1716-1719.** AS well AS Appointment of Attorey Burke.

Petitioner claims all appointed defense counsel on trial record have failed in their duty of loyalty to the accussed and to bring to Bear such skill and knowledge as to render the trial a reliable adversarial testing process.

POWELL V. ALABAMA, 287 U.S. at 68,69,53 S.CT. at 63-64 falling fat below prevailing norms as reflected in American BAR Association Standards 4-1.1 to 4-8.6 (2d ed. 1980)("the defense function")

373.

~~484~~. IN COMMONWEALTH V. LEE, 394 MASS 209(1984) states the court must make available to an indigent defendent counsel with whom reasonable communication is possible, who is competent, **COMPLETELY LOYAL**, AND WITH THE DEFENDENTS COOPERATION, prepared to defend him. QUOTING FARETTA V. CALIFORNIA, SUPRA; CHAPMAN V. UNITED STATES, 553 f.2d 886(5th cir. 1977)

~~488~~. In the case at bar the commonwealth of Massachusetts has failed to meet their constitutional obligations under the Sixth Amendment of the United STates Constitution and artcile XI of the Massachusetts declaration of rights.

~~489~~. THE INDICTMENT SHOULD BE DISMISSED WITH PREJUDICE.

~~5/22/~~
~~XX/XX/2018~~
RESPECTFULLY SUBMITTED,
~~Arthur Burnham 269 Treble Cove Rd. Billerica MA 01821~~
~~5/22/2017~~

~~This 2241 Paragraph 13 attachment is hereby signed under penalty of perjury that the forementioned facts are true and accurate so help me god.~~

~~Arthur Burnham~~
~~5/22/2017~~

~~Signed under penalty of perjury the foregoing facts and arguments are true and accurate so help me god~~

~~Arthur Burnham~~        ~~400 faunce corner Rd~~
~~Arthur Burnham~~        ~~North Dartmouth MA 02747.~~
~~9/07/17~~

# ARGUMENT

## ARTICLE XII INEFFECTIVE ASSISTANCE OF COUNSEL (const. Amend 6.)

**374.**     Petitioner claims he is being deprived of his rights to counsel under art. 12 of the Massachusetts Decleration of Rights, a deprivation that has resulted in servere restriction on his liberty (26 months of Preventive detention) and other constitutional interests. (Also CONST. AMNDT. 6)

### Private Right

**375.**     Petitioner has a fundimental constitutional right to counsel in a criminal Prosecution and this Right to counsel that is "effective extends to every 'critical stabe' of the criminal Process'" Commonwealth v. Appleby, 389 Mass. 359, 366, cert. denied, 464 US 941 (1983). Also see Commonwealth v. Trapp, 423 mass. 356, 358, cert. denied, 519 U.S. 1045 (1996)

**376.**     State a Massachusetts Declaration of Rights specially Protects rights to counsel which is "deeply rooted in this States history and tradition" [Article XII 1780]. Our State's history, legal traditions, and Practices thus Provide the crucial "GuidePosts for responsible decision making" ... that direct and restrain our Exposition of the Massachusetts Declaration of Rights

377.    Petitioner had a right to be heard on his substantive assertions in file ref Nbr 15 as well as 16, 20, 21. State Assistant Clerk Dempsey and Magistrate McManus interfered with this Right to thwart federal lawsuit against Trial Court Dudley and obstruct the production of missing medical records.

Here counsels failure to investigate the possibility of competence to stand trial and rely on state evaluation clearly missing known vital records of siezure d/o and CT scans. Failure to investigate or deliberately conceal medical Records at this "critical stage" of discovery, vital to the private Evaluation for defense, records in which would totally put Lack of criminal Responsibility in such a different light, it would possitively effect outcome of comittment as well as innocence or guilt. Such a wilful act by counsel to not pursue or develope siezure data in which is the crux of the operative events motive, has impaired the Adversarial system to produce a just result. For the state Clerks office to assist in this manner But-for cause vital siezure data implicates Freinds and peers of the Dudley District court "Shocks the conscience" of fair Justice in the state of Massachusetts - Such wilful interference with defense, violates Art. 12 and renders counsel ineffective. Faxing of file ref Nbr. 15 is irrational discrimination.

378.    MASSAChusetts Rules of crim. P. 2 acknowledge the importance of Prompt Pretrial Preparation to the fairness of criminal Proceedings. The Purpose of these rules is "To Provide for the Just determination of every criminal Proceeding. They shall be Construed to secure simplicity in Procedure, fairness in administration, and the elimination of expense and delay". MASS. R. Crim. P. 2, 378 MASS. 844 (1979)

Here in the case At bar Defense Counsel, As well As the Judiciary has not complied with The Rules. How FAir is 24 month of Constant Complaining of A Brady Claim. How FAir is 26 month of delay on A 58(a) All to obstruct MASS. R. Crim. P. 14. Delay substantive Assertions on Every Complaint this Petitioner raised over counsel.

GRAVE UNFAIRNESS

379.    The inaction by Counsel, As well As the Judiciary over such A long Period of over 26 months has had a cumulative Effect in the harm it has caused. From sept - may 2015-2016 This Accussed was on A suicide watch for 70 % of this time with suicide Attempt and over 70 stitches caused by self-harm. Powerless to Assert his concerns to the court. Access to courts BY "mail" or "Presence" is deliberately Blocked by the State Judiciary. All leaving this Petitioner totally

dependent on his Assistance from Counsel And
But-for cause of Federal lawsuit against Dudley
Court State Political Pressure Pressure At
the highest level influence, CPCS Attorney's
roemer and Tansley for "Tacit Authorization".

378.       From march ~ Dec 2016 the Petitioner's
rights to Counsel extended to this "Critical Stage"
of the Criminal Process. [Commonwealth V. TRAPP]
This Constitutional Guarantee of assistance of
Counsel Cannot by Satisfied by mere Appointment
of Attorney morris. [Avery V. Alabama, 308 U.S.
444, 446 (1940)] Attorney morris' Appointment as
A Bar Advocate was suppose to play A role
necessary to ensure that the trial is FAir.
[Strickland V. Washington] That is morris was
Suppose to be "effective" [Kimmelman V. morrison]

379.       Attorney morris did undertake some responsib-
ilities. However the responsibilities were to the
Political Goals of High ranking State officials to
silence the Accused inquiries over omitted medical
data Given inference to Federal Claims. To Block the
Accused Presence At Procedings And ignore
Pro-SE Pleadings.

          Here the Accused would never see the
inside of A Courtroom for the entire 9
months of morris' representation. This
is Just Not rational when Totality of

Curcumstances are amid so many
colorable objections by this Petitioner
As to the validity of compulsory Process.
Attorney morris was given service to all
the Petitioner's Pleadings and yet he
failed to acknowlete any. Just Forged
Ahead completely ignoring his client and
not even taking notice he has been
discharged As counsel (file ref nbr 28).

380. Because the defendants liberty, a fundamental Right,
is at stake, the Principles of Procedural due
Process in art. 12 of the Massachusetts Declaration
of Rights are implicated. They include the
right to be heard. [ Commonwealth v. Torres,
441 mass. 499, 501-502 (2004) ] (Const Amend 6)

Attorney morris' behavior (march-Dec. 2016),
inattention to his clients concerns of Denial
of true fair compulsory Process in multiple
submitted Pleadings is A serious
incompetency, inefficiency by counsel
falling measurably below that which
might be expected from an ordinary
fallible lawyer, depriving this Petitioner
of an otherwise available, substantion
medical defense within lack of
Criminal responsibility.
[ Commonwealth v. Saferian, 366 mass. 89, 96
(1974) ]

381.    The Appointment of Attorney Burke is of course very puzzling. As a former partner in law practice with Fitchburg court Judge this appointment was burdened by actual conflict of interest with the Petitioner's Federal lawsuit pending against the trial courts.

Feb - June 2017 Burke provided zero Assistance of Counsel. Never once came to visit or write a letter. Took 2 months to get case file from morris (supposedly) in 5 month never provided Petitioner with Grand Jury minutes as requested even in open court. No attempt to investigate omitted medical data even as Pro-se Pleadings were being submitted for their production. Zero Assistance to attack the indictment as Petitioner requested he follow up on Jan 23 2017 Pro-se Motion to dismiss indictment. Burke's behavior or inattention is a showing of serious incompetency, inefficiency, by counsel falling measurably below that which might be expected of an ordinary fallible lawyer and has deprived the defendant of an otherwise available, substantail Ground of defense

382.    On June 02, 2017 Petitioner discharged Attorney Burke by motion (file ret Nbr. 35). The trial Judge had stated "it is going to take some time to get you a new & new lawyer. Petitioner told the trial Judge the S.J.C. has said I cannot by without Counsel for Greater than 14 days. Trial Judge he is not aware of any caselaw that states that. Petitioner stated he will represent himself in the interim. Trial Judge stated he needed a request like that in writing.

383.    On ~~July~~ June 27, 2017 Petitioner was brought before the court and the trial Judge informed the Accused they still have not provided counsel. Petitioner stated here is my motion to self-represent. Trial Judge stated he would not rule on it today.

384.    On July 14, 2017 Petitioner is never Habeas Corpus to worcester superior court, per court order. On 7/31/2017 Attorney levinson stated CPCS entered a notice of Appearance on his behalf on July 26, 2017. Thats 54 days without defense counsel.

385.    In LAVALLEE V. JUSTICES IN THE HAMPDEN SUPERIOR COURT. 442 MASS. 228 (2004). The court Held " Proceedings in which a defendant cannot participate meaningfully may not be allowed to Proceed. If, despite Good faith efforts by CPCS, no attorney has filed an appearance on behalf of an indigent defendant within forty-five days".... " The Criminal Case against such a defendant must be dismissed without Prejudice". Id. at PG 246

386.  The LAVALLEE court Concluded that "no defendant entitled to court-appointed counsel may be required to wait more than forty-five days for counsel to file an appearance, a period of time that approximates the outer limits contemplated by the rules of criminal procedure for completion of discovery and making decisions about specific defenses in routine cases where counsel is actively involved."

Here the grave unfairness in which implicates both, Article 12 and The fourteenth Amendments guarantee to fair procedure is this Petitioner made aware to the trial Judge his concerns over irrational delay. Directly, and correctly quoting "mandatory language" of Lavallee v. Justices. Petitioner stated he wished to be heard by self-representation on 6/02/17. Trial Judge stated he needs it in writing. On 6/27/17 After being made aware By the trial Judge no counsel is appointed this Petitioner provided the motion, Declaration, and memorandum of law that was requested to be heard in my persons: No action was taking and Petitioner was deliberately denied a voice to be heard in his own proceedings. But also denied a voice by counsel. This "Grave unfairness" spans the entire length of 24 month while on a single 58(A) and is based upon impermissible consideration "fundimental Rights class"

· 142 -

387    How Can Any Court in the United States expect
a defendant to idely Stand in Preventive detention
for 2 years without effective Assistance of Counsel,
Then without Any Counsel what so eva Just sit
there in silence with out A voice to be heard.
Such Grave unfairness does not comport with
textual And historical standard set by our State
And federal Constitutional Jurisprudence.

389.    As in the LAVALLEE court the harm
involved here, the absence of Counsel, Cannot be
remedied in the normal Course of trial and Appeal
because an essential Component of the "normal course"
the assistance of Counsel, is Precisely what is
missing here. The course of the Proceedings
in 1585CR00462 is Per se not normal. The harm
here has already fully developed-- the loss of
opportunity to confer with Counsel to Prepare A
defense is one that Cannot be adequately addressed on
Appeal After an uncounselled Conviction. Stand by
Counsel is now Gravely needed.

390.    There is no Question that the right to Counsel
in a Criminal Prosecution is a fundamental Constitut-
ional right. [Commonwealth V. Appleby, 389 MASS. 359,
366, Cert. denied, 464 US 941 (1983)] Also see
[Strickland V. Washington] it is A Substantive Right
for the Purposes of Jurisdiction under 6. L. c. 211 §3
As well As 28 USC § 2241. The Supreme Court held in
[Johnson V. Zerbst, 304 US 458] Courts have "no
Jurisdiction to Conduct trial that Violated defendant's Sixth
Amendment right to Counsel". Also Wright v. West, 505
US 277, 285-286, 120 L Ed 2d 225, 112 S Ct 2482 (1992)

391.     On 7/31/2017 Petitioner met with Attorney Levinson. At this Point I was very upset at the ~~2~~ 2 months without counsel. I stated Im Filing A 211 § 3 so I need the docket text. I explained missing medical records and 2 years on a 58(a). I stated we are Going to Attack the indictment in substantive motion Practice. I told him I will write Due Process, Equal Protection, speedy trial Constitutional Grounds. "All I need you to do is write the Rule 36 motions Argument because All I know is Constitutional Error." He stated he would begin right away and send me the docket text.

392.     After 21 days of no Docket text, well I realized I had Another unloyal counsel. However in a behavioral Therapy Program Per my treatment Plan I took no Judgement on Levinson and wrote a kindly worded motion to discharge counsel As lead and submitted it Aug 20 2017. motion is never Docketed at worcester Superior Court.

393.     On Aug 31 2017 in a Phone call with Levinson I explained he was suspended from making decisions Per Comm v. Roger Pending resolution of that motion to discharge Attorney As lead. He informed me we had court on sept 05 2017. I said that I had court in Clinton on that day and explained it is an Attempt to block my access to court, As this has happened in the Past. I told him I had the right to "Presence" to be heard and make sure I am heard.

394.     On Sept 05 2017 I was never even Brought to the courtroom or even unchained in the intake. Court officers said court was canceled.

395. Sept. 14 2017 A 211 § 3 was file under A Prejudize as Levinson still refused to Provide me with a Docket text needed to File Accurate Petition.

396. multiple calls to CPCS mathew Gilbertson claiming Attorney Levinson was deliberately not Providing assistance with Docket text or Access to case file. 5 calls From case worker from 9/18 - 10/10, 2017. Docket text was recieved by this Petitioner on 10/12/17  72 days After its initial request.

397. On Oct 12 2017 Another Discharge of Counsel motion, with Affidavit And memorandum of law was submitted to Worcester Superior. Motion upon information and belief was never docketed.

398. On Oct 20 2017 Petitioner was again never habeas corpus to Pre-trial Conference event (Possible Final Event). Attorney Levinson aware a BBO complaint would be filed insisted matters of Breakdown with Client be Addressed.

399. On oct 23 2017 Petitioner, is finally Brought to court, impermissably interested trial Judge Attempts to Further Block rights to be heard by Attempting to enforce An old order for Competency 15(a) over self harm in which occured in 2015. What A mockery. Petitioner refused.

400. Trial Judge does not Address why missing motions to discharge Counsel are not Docketed, As Petitioner addresses court on these objections.

401.  Petitioner claims right to self-representation. However there is a miscarriage of justice as motions undocketed and unheard deprived this Petitioner to be heard on substantive assertions that Attorney Levinson was failing to pursue legal matters entrusted to counsel thus "ineffective". This has deprived this Petitioner of a reassignment of effective stand by counsel as an impermissably interested trial Judge has prejudiced this Petitioner and thwarted his Sixth Amendment and Art. 12 rights.

402.  Petitioner requested trial Judge recusse herself as impermissably interested as a Federal lawsuit was filed against herself as well as others.

403.  Trial Judge refused to recuss recuse herself stating I could file what ever I wanted. She didnt see any thing impermissable. She was the trial Judge. (Of coarse She is a trial Judge who has had a Federal lawsuit filed against under the ADA Anti-retaliation provisions 42 USC § 12203. By this Petitioner)

404.  Petitioner claims he has been wilfully deprived his fundimental Constitutional rights to counsel or to be heard in his person under art. 12 of Massachusetts Declaration of Rights as well as the sixth and fourteenth Amendments to the UNITED STATES CONSTITUTION. This indictment should be dismissed with prejudice.

## Claims for relief

405. The Plaintiff claims the States' injuries to this Plaintiff warrent the imposition of constitutional tort liability. In our free society Goveroment is neither Autonomous Actor nor a master to whom the people must acquiesce. The function of the Government is to serve the people and to enhance conditions of life. State officials were not free to "Pursue their own ends". The broad Purpose of all constitutional limits on government Power is to try to ensure that the government does not stray from that role. Trial court officials special role as the keeper of Public order accorded them broad discretion to be exercised in conformity with statute and common law. The fundimental asPect of the concept of government as servant DUtY Bound these officials to treat the Plaintiff with some minimal level of concern and resPect for his well-being ( Plaintiff borrowed the term "concern and resPect" from R. DWORKIN, TAKING RIGHTS SERIousLY 272 (1977) ). Defendants actions of failing to treat and care for the Plaintiff serious medical needs of Suicidal crisis and Just ignoring the obvious need and subsequent 12 self mutilations and over 140 stitches, ignoring multiple requests

for treatment and help, for new counsel, and for access to the court, violated this duty, and is therefore, appropriate to employ constitutional law to impose sanctions for such conduct. Rochin v. California is the supreme court case that most clearly supports this proposition. Recall that there the court cited "those canons of decency and fairness which express the notions of justice of English-speaking peoples even toward those charged with the most heinous offenses." Id. 342 US at 169.... Here the Plaintiff is not charged with a "heinous" RAPE or MURDER offense. Though it was certainly not the brightest of solutions to deal with emotional impairment inter alia no person was injured.... what offends those canons of decency and fairness is for the officials to [A]buse power for personal ends to hid that impairment from the public, hide the medical data from trial process, deprive the Plaintiff of treatment for suicide Deppression, And TAMPER with rights under the American with Disability Act, TAMPER with rights to counsel, compulsory process right of access, presence, rights to be meaning-fully be heard in his defense, Adequate fact finding in front of neutral and detached decision-maker. All while being Buried in the dungeon for 28 months. (NO BAIL)

The Federal court must enjoyn state criminal Prosecution to Protect the Plaintiff's Federal rights under the United states Constitution As abstention will jeoPardize his due Process rights to an imPartial ajudication.

406. The Plaintiff claims the actions of Defendants Bridgewater state Hospital and Psy. D. mellissa meyer was so medically unreasonable it did rise to the level of constitutional error as it was Arbitrary and caPricious. The actions had a Pretextual discriminitory motive to omitt or hide mental illness' to meet the goals of an unfair Prosecution And Chill or frustrate Plaintiff federal claims. Such reckless and callous indifference to deliberately misdiagnos the Plaintiff and wilfully fail to Provide "reasonable occommodation" to the state Hospital for treatment, care, and 15(b) evaluation is discrimination as defined under 42 usc § 12112 (b)(5). The defendant's discrimination based on disability was A Failure to Provide access to [P]rogram for the [b]enifits of treatment and fair evaluation violating Plaintiff's civil Rights under 42 usc § 12132. Defendants Actions or omissions were the Proximate cause of the forementioned injury.

407. ~~408~~. Plaintiff claims the state of massachusetts, exercised control over the Plaintiff, holding him without Bail against his will. This circumstance significantly affected the balance of equities between Plaintiff and defendant. The Federal constitution imposes upon the state a corresponding duty to assume some responsibility for the obvious need for medical care. Here the state's [A]busive exercise of its power so restrained the Plaintiff's liberty for 28 months on Preventive detention rendering the Plaintiff helpless to care for himself suffering from *Elevated suicide risk by diagnoses with trauma, Depression, PTSD, Bi Polar and related disorder, Adjustment disorder Disruptive mood disregulation disorder.* The State officials Dennis McManus, Judge Kenton-walker, Attorney General maura Healy, District Attorny Early, Psy. D. Meyer failure to Provide treatment All to hide the Above impairments From the trial Process WAS GRAVE unFairness and transgressed the Substantive limits on state action set by the Due Process Clause of the Constitutions Fourteenth Amendment. Pursuant to § 5 legislation the officials violated his civil Rights under 42 usc § 1983; 1, 14 Defendants Actions were the proximate cause of Above injuries to the Plaintiff. (140 stitches)

408. Plaintiff Claims Defendant PSY. D. MEYEr failed to exercise Professional Judgement when denying Plaintiff habilitation and reasonable care for obvious mental illness. The substantial risk for self harm without treatment was obvious. The overwhelming medical evidence in her possession show a standing well-documented and expressly noted AXIS 1 impairment within days of her evaluation. The circumstances suggest PSY. D. mellissa MEYEr had been exposed to the MEdical data. PSY. D. Meyer in a reckless disregard for the Plaintiff well-Being refused to verify the underlying mental illness that she strongly suspected to be true and declined to confirm inferences of risk she strongly suspected to exist. PSY. D. MEYEr's recklessness resulted in the deliberate indifference to the Plaintiff medical needs. As a Pre-trial detainee this deliberate indifference violated the Plaintiff substantive due Process Rights under the Federal constitution under 42 USC § 1983; 14. PSY. D. MEYEr's Actions were the Proximate cause of the Plaintiff's Above Constitutional injuries with significant Physical injury.

409. Defendants commonwealth of massachusetts, clerks mcmanus, Dempsey, trial Judge kenton - walker's 28 month Application or use of Preventive Detention statute M.G.L. c 276 58(a) without Procedural safeguards was unconstitutional insofar as it was egregious enchroachment on the Plaintiff's liberty without the state Pursuing a legislative intent of a regulatory measure norrowly tailored to minimize restraint on liberty. State action of ignoring or tampering with the explicit language of the legislative act crossed the dichotomy boundary between A legitatmate "Permissable regulation" into "impermissable Punishment" without having received the full measure of Due Process in which he is entitled before he can Be Punished under the law. Violating Substantive and Procedural due Process, Federal rights under the Bail reform Act of 1984. All violating the Plaintiffs' civil Rights under 42 usc § 1983 CONST. AMEND. 4, 14. As well as violating the Equal Protection Clause. The Defendant Action were the Proximate cause of the forementioned injuries.

~~Defendants Commonwealth of massachusetts, clerk mcmanus, Dempsey, Trial Judge kenton-walker's 28 month Application and uses of M.G.L. c 276 58(a) Preventive Detention statute violated substantive Due Process insofar as it unreasonably impinged upon the Plaintiff's fundimental right to freedom from Physical restraint~~ without Pursuing ~~an important Governmental interest in a manner narrowly tailored to minimize restraint on liberty. The Defendants Actions were the Proximate Cause of the Plaintiff's injuries, violating the Plantiff's Civil Rights under 42 usc §1983 const. AMEND. 1, 4, 14. Due Process and Equal Protection Clauses (substantive and Procedural)~~

410.  Defendants commonwealth of massachusetts, clerks mcmanus, Dempsey and trial Judge kenton-walker's failure to exercise Judgement upon the whole course of Proceedings was motivated in Part by retaliation for exercise of First Amendment, by continuously intefering with the Plaintiff's Trial Rights "so rooted in the traditions and conscience of our People as to be ranked as fundimental." To include Access to court (Para. 37, 67, 72, 79, 94, 100, 124, 144 ect seq.), (Paragraphs included are not limited to)

right to Presence at critical trial stages in (Para. 75, 81, 82, 94, 117, 124 ect. seq.), Access to counsel (Para. 37, 45, 48, 72, 117 ect. seq.), rights to be heard in at meaningful time and in a meaningful manner (Para. 67, 72, 83, 82, 106 ect. seq.) rights to Present a defense (96, 149-153 ect. seq.) All while being oppressed on 28 months of Preventive detention. Such reckless [A]buse of State Judicial Power for Personal Gain And for Punishment, and oppression does "offend those canons of decency and fairness which express the notions of Justice of ENGLISH - SPEAKING PeoPles". Thus "shocks the conscience" of our sense of Justice in our Anglo - American adversarial system. These Actions were the Direct Proximate Cause of the Plaintiff's injuries violating Substantive and Procedural Due Process As well As offending Equal Protection All Violating the Plaintiff's Civil Rights under 42 USC § 1983 CONST. AMEND. 1, 4, 6, 14.

411.   The Defendants McManus, Dempsey, massachusetts' Acts of deliberate blocking and inordinate PreJudicial delays Along with the Prosecutions dilatory Evaluation has impaired the speedy trial safe guards of the Sixth Amendment. violating the Plaintiff's rights to A speedy trial under the United States Constitution.

- 154 -

412. The actions of defendants the
Commonwealth of massachusetts, Clerk McManus,
Clerk Dempsey, and trial Judge kenton-walker
who did single out the Plaintiff from other's
Similarly Situated (Comparison), was an Action
Based upon impermissable Consideration (
fundimental rights Class, intent to inhibit, Punish-
ment for the exercise of CONST. Protected
activity), Such differential treatment of Pre-trial
detainees Violates the Central Aim of our
Judicial system, "EQUAL JUSTICE". This
invidious discriminatory behavior by the
defendants is Constitutionally unreasonable and
has offended Equal Protection Violating the
Plaintiffs civil Rights under 42 usc § 1983
const. AMEND. 14, 1, 4, 6. The defendants
Above actions was the Proximate cause of the
Plaintiffs inJuries, and have also violated the
Plaintiffs rights under Articles 1, 10 of the
massachusetts Declaration of Rights.

413. The actions of Defendants Commonwealth of massachusetts, Clerk mcmanus, Clerk Dempsey, Trial Judge Kenton-walker in Paragraphs 220 (1)-(18), 233 (1)-(11), and 239 (c)(1)-(4) was by definition retaliation under the ADA for having opposed Acts or Practices made unlawful by this chapter violating the Plaintiff statutory rights under 42 USC § 12203 (a), As well As Regulations 28 C.F.R. §35.134 (a), 28 C.F.R. §36.206 (a). The defendants Actions were the Proximate cause of the formentioned violation of his Rights.

414. The actions of Defendants, commonwealth of massachusetts, Clerk mcmanus, Clerk Dempsey, and trial Judge kenton-walker in Paragraphs 18-190 who did systematically deprive the Plaintiff of fundimental rights to counsel, comulsory Process, Access to court, Presence, rights to Present a defense, rights to be heard, Equal Protection, Treatment and care, was irrational disability discrimination, Pervasive unequal treatment in the administration of state services and Programs as All Actions were based on disability. Violating the Plaintiffs rights under 42 USC § 12132 Title 11 ADA. Defendants Actions were the Proximate cause of the Plaintiffs injuries.

415.   The actions of defendants Clerk McManus, Clerk Dempsey in faxing file ref Nbr 15 to Clinton District Court and ignoring Access to the Court in file ref Nbr 16, 20, 21 was motivated in Part to be Punitive and Oppressive for the filing of 4:15cv40031 et seq.. file ref Nbr 15 was A discharge of counsel and for the Appointment of new counsel to assist in the need for mental health treatment And for the Production of medical data in which both flow from the Plaintiff's Protected conduct and claims against the trial court. The defendants Actions had significant "Chilling" effect on the first Amendment Activity And frustrated this Plaintiff to the Point of hopelessness and the withdrawal of all Protected conduct. All in fear of being denied a Fair trial ( I was anyway ). These Actions were "egregious Abuse of state Judicial Power" ( cale V. Johnson, 861 F.2d 943, 950 (6th cir 1988) ), and have offended the constitution As it threatened and inhibited the Protected Activity. The defendants Actions were the direct Proximate cause of the Plaintiff first Amendment injuries violating his civil rights under 42 USC § 1983 CONST. AMEND. 1, 6, 14.

416. The actions of Defendant Commonwealth of Massachusetts of failing to provide counsel to the Plaintiff from June 2, 2017 — July 26, 2017 (54 days) All while so excessively restraining liberty on 24 months of Preventive Detention WAS A serious deprivation of liberty without A Guaranteed Sixth Amendment to Counsel triggering the Due Process clause in its first category of Constitutional Protections. A violation of one of the specific Guarantees of the Bill of Rights, "the Guarantees of the sixth Amendment" to the UNITED STATES CONSTITUTION. violating the Plaintiff civil Rights under 42 USC §1983 CONST. AMEND. 6, 14. The State of Massachusetts Action WAS the Direct cause of the Formention constitutional inJury.

417. The Actions of Defendants Commonwealth of Massachusetts, Trial Judge Kenton-walker who refused to recuse herself After Admitting the Plaintiff file A lawsuit against her and other WAS A willful violation of the sixth and fourteenth Amendment and her sworn oath to uphold US Const, Art. VI. She refused to except my PRO-SE MOTION (I had to force the right to docket it) And set excessive "35,000 bail After 28 month without.

# RELIEF REQUESTED

WHEREFORE, Plaintiff requests that the court grant the following relief:

A. Issue a declatory Judgement stating that:

   1. The defendants actions violated the Plaintiffs rights under the Due Process Clause of the fourteenth Amendment to the United States Constitution in All three Categories of Protection
     SUBSTANTIVE DUE PROCESS (Bill of rights)
     SUBSTANTIVE DUE PrOCESS (shocks conscience)
     PROCEDURAL   DUE ProCESS (fairness)

   2. The defendants actions violated the Plaintiffs rights to EQUAL PROTETION

   3. The defendants actions were A systematic deprivation of fundimental rights based upon disability was discrimination under title 11 of the ADA

   4. The defendants actions shortly thereafter the filing of ADA damage Claims Constitutes retaliation under the ADA

5. The defendants actions violated the Plaintiff sixth Amendment rights to A speedy trial.

6. State of massachusetts 28 month application of M.G.L c 276 58(a) without any procedural safeguards was unconstitutional insofar as it excessively enchroached on the Plaintiff's fundimental rights to liberty and freedom from physical restraint from ones Government without that Government pursuing Legislative intent of a regulatory measure norrowly tailored to minimize restraint on liberty. State action of iGnoring or tampering with the explicit language of the legislative act crossed the dichotomy Boundary between "Permissable reGulation" into "impermissable Punishment" without having received the full measure of Due Process in which he is entitled before he can be Punished under criminal Law. violating substantive and procedural Due Process of the fourteenth Amendment As well As the fourth Amendment to the united states constitution.

- 160 -

(ATTEN Clerk do Not electronically file this Note: This Part of relief terrifies me. Ive come all loNG WAY in one Year learninG law. Ive Studied very hard with Goal to be a disability advocate. Ive Gone from beinG very critical of employees of Worc. DistRict Court[Federal], to Now knowleGe of the MEGA responsibility of A Federal maGestrate or Justice. The loNG historY in the "TuG" between federalism and comitY. And the Personal stress of decidinG All the reviews of rape, murder robberY, kidnappinGs convictions. Im in "Awe" everY daY As I studY case law. I know enouGh Now to understand what im AskinG Next. I Also no enouGh enouGh About my Process to know it WAS defective. Im terrified of the Personal Animosity I viewed from my State JudGe to where I Feel my Future is in "GrAve Peril" over A destroyed Automobile in Combo with rhetoric unmeant. EverydaY I think of LEARNED HAND's Personal Confession As I reflect back on my State Process. The onlY thinG that truelY matters to me Now is the opinion of HONOrable Hillman in my Habeas Petition And this three JudGe Panel)

   B. ISSue An INJunctioN opeRinG

      i. Dismissal of indictment 1585CR00462 on the meRitorious Claims A stAted Above.

- 161 -

2. ENJOYN State Prosecution to Allow this Plaintiff to Argue the forementioned constitutional ~~XXXX~~ Defense in Front of A Federal Neutral Party.

3. Grant such other relief As this Panel feel is Appropriate

4. Grant such other relief it may Appear this Plaintiff is entitled.

5. NO MONETARY relief is Requested.

6 I hold harmless ANY liability that MAY Arise to ANY defendant in this case in which results in A Dismissal.

C. IF my case is dismissed or resolved in Fairness I WANT NOTHING to do with ANY of my Previously Submitted civil complaints. I will earn my own income with the use of my Brain.

Signed under Penalty of Perjury the foregoing is true so help me God.
12/29/2017
Arthur Buhum   5 Paul X tiuman Drive westboYlston MA