UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARTHUR A. BURNHAM,<br><br>Plaintiff,<br><br>v.<br><br>COMMONWEALTH OF MASSACHUSETTS, et al.,<br><br>Defendants. | **CIVIL ACTION<br>NO. 18-40001-TSH** |

## ORDER
### January 19, 2018

**HILLMAN, D.J.**

For the reasons stated below, the Court dismisses this action based on *Younger* abstention.

**I.     Background**

Before the Court is the complaint of *pro se* litigant Arthur Burnham. Burnham, a pretrial detainee, brings this action under the American with Disabilities Act ("ADA") and 42 U.S.C. § 1983. He alleges that state officials at the Worcester Superior Court, where his criminal case is proceeding, are retaliating against him for having filed various civil actions and opposing acts that violate the ADA. He claims that the defendants "did subject [him] to irrational disability discrimination, pervasive unequal treatment including systematic deprivation of fundimental rights under the first, fourth, sixth and fourteenth amendments by systematically excluding [him] of his fundimental right to be present at all critical states of his trial [sic]." Compl. at 1-2. Burnham further asserts that he has been denied of the right to have a meaningful opportunity to be heard on substantive issues and that the prosecution and his "unloyal" defense counsel "were deliberately interfering with compulsory process to conceal vital medical records" of various

conditions from which the plaintiff suffers. *Id.* at 2. He characterizes the conduct of the defendants as being "analogous to a 16th century star chamber proceeding[,] an 'arbitrary arm of royal power' in the days of the Tudor and Stuart kings." *Id.*

Burnham does not seek damages. *See id.* at 161. He asked that the state criminal prosecution be enjoined and that he be allowed to argue his defense "in front of a federal neutral party." *Id.*

## II. Discussion

As Burnham knows from this Court's earlier opinions in some of his other cases, "federal courts have long recognized 'the fundamental policy against federal interference with state criminal proceedings.'" *In re Justices of Superior Ct. Dep't of Mass. Trial Ct.*, 218 F.3d 11, 16 (1st Cir. 2000) (quoting *Younger v. Harris*, 401 U.S. 37, 46 (1971)). Congress has long expressed its policy that "the state courts be allowed to conduct state proceedings free from interference by the federal courts." *Id.* at 16. This policy against "federal interference with state judicial proceedings is premised on 'a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.'" *Id.* (quoting *Younger*, 401 U.S. at 44). "Except in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, *see* U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." *Casa Marie, Inc. v. Super. Ct.*, 988 F.2d 252, 262 (1st Cir.1993) (footnote omitted).

2

Under the principles of *Younger* abstention, "a federal court must abstain from hearing a case if doing so would 'needlessly inject' the federal court into ongoing state proceedings." *Coggeshall v. Mass. Bd. of Registration of Psychologists*, 604 F.3d 658, 664 (1st Cir. 2010) (quoting *Brooks v. N.H. Supreme Ct.*, 80 F.3d 633, 637 (1st Cir. 1996)). *Younger* abstention is even appropriate where litigants "claim violations of important federal rights," *In re Justices of Superior Ct.*, 218 F.3d at 17, as long as the federal claims can be "raised and resolved *somewhere* in the state process" *Maymó-Meléndez v. Álvarez-Ramírez*, 364 F.3d 27, 36 (1st Cir. 2004) (emphasis added).

Here, *Younger* abstention is appropriate. Adjudicating this action would not only interfere with the criminal prosecution in state court, it would completely end the prosecution were the Court to grant the relief Burnham seeks. The Court recognizes that Burnham appears to have spent enormous effort not only carefully drafting this lengthy complaint but also acquiring an understanding of the law to do so. The Court also acknowledges Burnham's position that *Younger* abstention does not apply because he has allegedly been prevented from having a meaningful opportunity to present his arguments in state court. He also represents that his attempts to receive relief from a Single Justice of the Supreme Judicial Court have also been successful.

Notwithstanding, the application of *Younger* abstention does not turn on a litigant's success in obtaining relief in the state court proceeding, only his ability to do so. Although Burnham has been unsuccessful thus far in obtaining relief in the state court in the manner that he desires, there is no indication that he is foreclosed from pursuing a direct appeal or postconviction relief in the event of a conviction. *See, e.g.*, *Haff v. Firman*, 646 F.3d Appx. 604, 606 (10th Cir. 2016) (application of *Younger* abstention appropriate even though highest state

court had rejected pretrial detainee's motion for interlocutory relief; state court had not foreclosed a direct appeal or postconviction relief).

## III. Conclusion

In light of the foregoing, this action is DISMISSED WITHOUT PREJUDICE on *Younger* abstention grounds. No filing fee shall be assessed.

**So Ordered.**

/s/ Timothy S. Hillman
TIMOTHY S. HILLMAN
DISTRICT JUDGE